◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MAURICE JONES, Appellant. [611 NYS2d 640] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (DeLury, J.), rendered January 27, 1992, convicting him of manslaughter in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant was convicted, on an acting in concert theory, of the shooting of an individual who had allegedly robbed a drug sale location the defendant was guarding.

The racially-motivated use of peremptory challenges violates both the State and Federal Constitutions whether they are made by the defense or the prosecution (see, *Hernandez v New York,* 500 US 352; *Batson v Kentucky,* 476 US 79; *People v Bolling,* 79 NY2d 317; *People v Mondello,* 191 AD2d 462). Here, after the prosecutor argued that defense counsel was using his peremptory strikes to remove white venirepersons from the jury panel, defense counsel proffered his race-neutral explanations for his strikes. However, although these proffered explanations were race-neutral on their face, the trial court rejected them as pretextual and seated two of the challenged jurors. On appeal, the defendant argues that this was error.

It is noted that although the defendant argues on appeal that the prosecutor failed to make out the prima facie case of discrimination needed to trigger a *Batson* inquiry, where, as here, trial counsel has proffered race-neutral explanations for peremptory challenges and the court has ruled as to the validity of those explanations, this issue becomes academic (see, *Hernandez v New York, supra*). Further, because the proffered explanations were race neutral on their face (see, *Hernandez v New York, supra*), the only issue before this Court is whether the trial court properly found the explanations pretextual.

Here, viewing the totality of the circumstances (see, *Hernandez v New York, supra; People v Benson,* 184 AD2d 517; *People v Manuel,* 182 AD2d 711), we find no basis for overturning the decision of the trial court, which is given great deference on appeal, that the explanations proffered were merely pretextual (see, *Hernandez v New York, supra; People v Mondello, supra; People v Green,* 181 AD2d 693). Thus, the court properly seated the two challenged jurors.

Further, viewing the evidence in the light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt *(see, People v McLeod,* 168 AD2d 461; *People v Santana,* 141 AD2d 778; *People v McClary,* 138 AD2d 413; *People v Raphael,* 134 AD2d 535). Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence *(see,* CPL 470.15 [5]). Thompson, J. P., Sullivan, Ritter and Friedmann, JJ., concur.