■ The People of the State of New York, Respondent, v Calvin Guess, Appellant. [616 NYS2d 781] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Appelman, J.), rendered January 11, 1993, convicting him of attempted murder in the second degree, robbery in the first degree (two counts), and criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defense counsel in this case used several of his peremptory challenges to excuse white prospective jurors from the jury panel. The prosecutor claimed that the defense counsel's peremptory challenges evidenced a pattern of exclusion of white males. The Supreme Court accepted several of the defense counsel's explanations, but the court found that the reason proffered with respect to juror number 12 was not racially neutral, and it seated him over the defense counsel's objections. On appeal, the defendant contends that the court erred in so doing. We disagree.

The court's finding that the defense counsel's excuse was pretextual is entitled to great deference *(see, People v Hernandez,* 75 NY2d 350, *affd* 500 US 352; *People v Bailey,* 200 AD2d 677; *People v Mondello,* 191 AD2d 462). The defense counsel stated that he challenged juror number 12 because he resided in the same community where the crime occurred. The juror, in fact, resided in an adjoining community. Moreover, the defense counsel failed to establish that the juror was familiar with the location of the crime or that any such familiarity would have affected his ability to serve. Rosenblatt, J. P., O'Brien, Ritter and Florio, JJ., concur.