■ The People of the State of New York, Respondent, v Pete Thomas, Appellant. [620 NYS2d 478] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Miller, J.), rendered September 16, 1992, convicting him of robbery in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

It is well settled that purposeful racial discrimination by criminal defendants and their counsel in the exercise of peremptory challenges is prohibited under the New York State and Federal Constitutions *(see, People v Kern,* 75 NY2d 638, *cert denied* 489 US 824; *Georgia v McCollum,* 505 US 42). Once the prosecution makes a prima facie showing that the defense has exercised peremptory challenges on the basis of race, the defense is then required to articulate race-neutral explanations for striking the jurors in question *(see, Batson v Kentucky,* 476 US 79; *Hernandez v New York,* 500 US 352). On appeal, the defendant contends that the prosecutor failed to establish a prima facie case of purposeful discrimination needed to trigger a reverse *Batson* inquiry. The record reveals, however, that defense counsel proferred race-neutral explanations for his exercise of peremptory challenges without disputing the issue of whether a prima facie case of racial discrimination had been established, and the court ruled on the validity of the defense explanations. Under these circumstances, the issue of whether the prosecution made out a prima facie case is unpreserved for appellate review *(see, Hernandez v New York, supra; People v Jones,* 204 AD2d 485; *cf., People v Stiff,* 206 AD2d 235).

We also note that contrary to the defendant's contention, the Supreme Court applied the correct standard in determining that the explanations proffered by defense counsel for the exercise of his peremptory challenges against four white jurors were merely pretextual and offered in an attempt to conceal a racially discriminatory intent *(see, People v Jones, supra)*. This determination is entitled to great deference on appeal and will not be disturbed, where, as here, it is supported by the record *(see, People v Hernandez, 75 NY2d 350, affd 500 US 352, supra; People v Guess, 208 AD2d 559; People v Bailey, 200 AD2d 677; People v Mondello, 191 AD2d 462)*.

Furthermore, although defense counsel also argued during voir dire that the prosecutor was similarly exercising his peremptory challenges in a racially discriminatory manner, there is no evidence that a disproportionate number of strikes were used to challenge prospective black jurors, and there is no evidence that blacks were excluded while whites with the same characteristics were not. Since the defendant thus failed to establish a prima facie case of discrimination *(see, Batson v Kentucky, supra; People v Childress, 81 NY2d 263, 266-267)*, the Supreme Court did not err by failing to require the prosecutor to provide a race-neutral explanation for all three of his challenges to prospective black jurors.

We have examined the defendant's remaining contentions and find them to be without merit. Joy, J. P., Friedmann, Krausman and Florio, JJ., concur.