■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHNNY McCOY, Appellant. [620 NYS2d 463] —Appeals by the defendant from (1) a judgment of the Supreme Court, Kings County (DeLury, J.), rendered March 31, 1992, convicting him of burglary in the first degree, grand larceny in the fourth degree, and unlawful imprisonment in the second degree under Indictment No. 6032/91, upon a jury verdict, and (2) a judgment of the same court, rendered May 21, 1992, convicting him of attempted robbery in the first degree under Indictment No. 914/92, upon his plea of guilty, and imposing sentences.

Ordered that the judgment under Indictment No. 914/92 is affirmed; and it is further,

Ordered that the judgment under Indictment No. 6032/91 is

modified, on the law, by reversing the conviction for unlawful imprisonment in the second degree, vacating the sentence imposed thereon, and dismissing that count of the indictment; as so modified, the judgment is affirmed.

The defendant contends that the prosecution failed to establish a prima facie case of purposeful discrimination in the jury selection by defense counsel, and that the Supreme Court thus erred in conducting a reverse *Batson* inquiry *(see, Batson v Kentucky,* 476 US 79). We note that since defense counsel protested the court's ruling upon the ground that no pattern of discrimination had been demonstrated, the issue of whether the prosecution made a prima facie showing that the defense exercised peremptory challenges based on race is preserved for appellate review *(see, People v Stiff,* 206 AD2d 235; *cf., People v Jones,* 204 AD2d 485). Contrary to the defendant's assertion, however, the record supports a conclusion that a prima facie case of discrimination had been established. It is well settled that "[t]here are no fixed rules for determining what evidence will give rise to an inference sufficient to establish a prima facie case" *(People v Bolling,* 79 NY2d 317, 323-324). Thus, for example, while "[a] pattern of strikes or questions and statements made during the voir dire may be sufficient in a particular case" *(People v Childress,* 81 NY2d 263, 266-267), this element may also be established by "a showing that members of the cognizable group were excluded while others with the same relevant characteristics were not" *(People v Childress, supra,* at 267; *People v Bolling, supra).* Here, the evidence that all of the peremptory challenges exercised by the defense during the first round of voir dire were used to exclude white male jurors, and that the defense failed to challenge potential black jurors with similar characteristics, is sufficient to raise an inference that defense counsel used his peremptory challenges to exclude potential jurors because of their race *(see, People v Hawthorne,* 80 NY2d 873; *People v Barnes,* 198 AD2d 289). Accordingly, the court did not err in requiring the defense to proffer race-neutral reasons for its exercise of the challenges.

Viewing the evidence adduced at trial under Indictment No. 6032/91 in the light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt of burglary in the first degree and grand larceny in the fourth degree *(see,* Penal Law § 140.30 [4]; § 155.30 [5]). Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of

guilt was not against the weight of the evidence *(see,* CPL 470.15 [5]).

As the People correctly concede, however, the defendant's conviction under Indictment No. 6032/91 for unlawful imprisonment in the second degree should be dismissed because it merged with the conviction of burglary in the first degree *(see, People v Black,* 189 AD2d 883; *People v Butler,* 175 AD2d 252).

The defendant's sentences were neither unduly harsh nor excessive *(see, People v Delgado,* 80 NY2d 780; *People v Suitte,* 90 AD2d 80).

We have examined the defendant's remaining contentions and find that they are without merit. Thompson, J. P., Sullivan, Friedmann and Krausman, JJ., concur.