■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DANIEL PAYNE, Appellant. [623 NYS2d 922] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Firetog, J.), rendered January 19, 1993, convicting him of obstructing governmental administration and criminal contempt in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

It is well settled that purposeful racial discrimination by criminal defendants and their counsel in the exercise of peremptory challenges is prohibited under the New York State and Federal Constitutions *(see, People v Kern,* 75 NY2d 638, *cert denied* 498 US 824; *Georgia v McCollum,* 505 US 42). Once the prosecution makes a prima facie showing that the defense exercised peremptory challenges on the basis of race, the defense is required to articulate a race-neutral explanation for striking the jurors in question *(see, Batson v Kentucky,* 476 US 79; *Hernandez v New York,* 500 US 352). On appeal, the defendant contends that the prosecutor failed to establish a prima facie case of purposeful discrimination needed to trigger a reverse-*Batson* inquiry. Where as here, however, defense counsel proffered race-neutral explanations for his exercise of peremptory challenges without disputing the issue of whether a prima facie case of racial discrimination has been established, and the court ruled on the validity of the defense explanations, the issue of whether the prosecution made out a prima facie case is unpreserved for appellate review *(see, Hernandez v New York, supra,* at 359; *People v Thomas,* 210 AD2d 515; *People v Jones,* 204 AD2d 485; *cf., People v Stiff,* 206 AD2d 235).

We also note that the Supreme Court properly determined that the explanations proffered by defense counsel for the exercise of his peremptory challenges against the two subject

panelists were mere pretext offered in an attempt to conceal a racially discriminatory intent. This determination is entitled to great deference on appeal and will not be disturbed where, as here, it is supported by the record *(see, People v Hernandez,* 75 NY2d 350, *affd* 500 US 352, *supra; People v Thomas, supra; People v Guess,* 208 AD2d 559; *People v Bailey,* 200 AD2d 677; *People v Mondello,* 191 AD2d 462). O'Brien, J. P., Ritter, Santucci and Friedmann, JJ., concur.