■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JEROME WALDO, Appellant. [633 NYS2d 510] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Tomei, J.), rendered March 7, 1994, convicting him of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

During the second round of voir dire, the defense counsel exercised 8 of 9 peremptory challenges against white jurors. The defense counsel did not object to the court's finding of a prima facie reverse-*Batson* violation, but asserted that it had challenged three of these white jurors because of relatives who were in law enforcement, and/or their crime-victim status.

The trial court was then required to make a determination as to whether or not the proffered explanations were pretextual *(see, People v Allen,* 86 NY2d 101). The court found that the defense counsel had failed to challenge black venirepersons who either had relatives in law enforcement or had been crime victims. The court denied those three peremptory challenges, finding the proffered explanations to be pretextual *(see, People v Hawthorne,* 80 NY2d 873; *People v McCoy,* 210 AD2d 508; *People v Jupiter,* 210 AD2d 431; *People v Dixon,* 202 AD2d 12; *People v Barnes,* 198 AD2d 289). This determination is entitled to great deference on appeal and "will not be disturbed" where, as here, it is supported by the record *(see, People v Hernandez,* 75 NY2d 350, *affd* 500 US 352; *People v Guess,* 208 AD2d 559; *People v Jones,* 204 AD2d 485; *People v Bailey,* 200 AD2d 677; *People v Mondello,* 191 AD2d 462).

We agree with the trial court's finding that in three instances the defendant improperly used his peremptory challenges, and therefore reject the defendant's challenge to the court's ruling.

The defendant's remaining contention is unpreserved for appellate review and, in any event, is without merit. Thompson, J. P., Altman, Goldstein and Florio, JJ., concur.