■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EMANUEL COOPER, Appellant. [636 NYS2d 658] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Beldock, J.), rendered November 23, 1993, convicting him of murder in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Purposeful racial discrimination by the defense counsel in the exercise of peremptory challenges is prohibited under the New York State and Federal Constitutions *(see, People v Kern,* 75 NY2d 638, 649, *cert denied* 489 US 824; *Georgia v McCollum,* 505 US 42, 44). The issue of whether the People established a prima facie case of purposeful discrimination by the defense counsel in this case is unpreserved for appellate review because the defense counsel offered an explanation for his peremptory challenges without objecting to the court's finding that a prima facie case had been established *(see, Hernandez v New York,* 500 US 352, 359; *People v Thomas,* 210 AD2d 515; *People v Jones,* 204 AD2d 485). In any event, the court properly denied two of the defendant's four peremptory challenges to white male jurors in the second round of jury selection. The defense counsel was able to articulate a racially neutral explanation for only one of the four challenged jurors. While this explanation satisfied the defendant's burden of coming forward with a racially neutral explanation with respect to that juror *(see, Batson v Kentucky,* 476 US 79, 97; *People v Allen,* 86 NY2d 101, 104), the court properly determined, based on all of the relevant facts and circumstances, that the explanation was pretextual *(see, People v Hernandez,* 75 NY2d 350, 359-360 [Titone, J., concurring]). With respect to the other three challenged jurors, the defense counsel indicated that he did not have any particular reason for challenging them. Since the defense counsel's explanation for challenging the first juror was pretextual and no explanation was offered with respect to the other three challenged jurors, the court would have been justified in denying the defendant's challenges to all four of the jurors in question.

There is no merit to the defendant's contention that he was denied the effective assistance of counsel.

The defendant's remaining contentions are without merit. Copertino, J. P., Pizzuto, Santucci and Joy, JJ., concur.