■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LATHANIEL WILSON, Appellant. [638 NYS2d 703] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Pincus, J.), rendered April 14, 1994, convicting him of robbery in the first degree and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law, and a new trial is ordered. The facts have been considered and are determined to have been established.

The defendant contends that he was deprived of his right to exercise peremptory challenges because the Supreme Court

rejected defense counsel's reasons for excluding three prospective male jurors during the second round of jury selection and ultimately seated those jurors. The defendant contends that the prosecutor failed to establish a prima facie case of purposeful gender discrimination when he argued that defense counsel had exercised his peremptory challenges to strike all but one prospective male juror from the preceding panel. This contention is unpreserved for appellate review because "defense counsel proffered [gender-] neutral explanations for his exercise of peremptory challenges without disputing the issue of whether a prima facie case of [gender] discrimination [had] been established, and the court ruled on the validity of the defense explanations" *(People v Payne,* 213 AD2d 565; *People v Jones,* 204 AD2d 485; *People v Alston,* 214 AD2d 746; *People v Thomas,* 210 AD2d 515).

Turning to the validity of defense counsel's explanations, defense counsel stated that he was challenging one prospective juror because that individual was a soccer coach with the 68th police precinct, lived in Dyker Heights, and "flinched" when there were discussions about people with prior criminal records. The court rejected counsel's basis, noting that "[t]here has to be an articulable reason, something he said, an answer he made or an answer he didn't make". The court further rejected counsel's claim that the prospective juror "flinched" as ridiculous, claiming that he did not make any bodily movement that would indicate he would treat witnesses differently.

While a trial court is generally in the best position to evaluate whether a gender-neutral explanation for the exercise of a peremptory challenge is pretextual *(see, Hernandez v New York,* 500 US 352; *People v Dixon,* 202 AD2d 12), we agree with the defendant that defense counsel's explanation was improperly rejected by the trial court. Defense counsel's explanation that he was concerned about the prospective juror's association with the police is not pretextual on its face *(see, People v Bennett,* 206 AD2d 382; *People v Williams,* 176 AD2d 245). Moreover, defense counsel's reasons were based on questions posed to the prospective juror, related to the case and based on facts elicited in the voir dire *(see, People v Richie,* 217 AD2d 84). Thus, the defendant is entitled to a new trial.

We have considered the defendant's remaining contentions and find them to be without merit. Ritter, J. P., Thompson, Pizzuto and Hart, JJ., concur.