◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HARVEY POSNER, Also Known as HARVEY POSSNER, Appellant. [640 NYS2d 595] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Marrus, J.), rendered March 9, 1995, convicting him of endangering the welfare of a child (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law, and a new trial is ordered. The facts have been considered and are determined to have been established.

A defendant may not exercise peremptory challenges in such a manner as to purposefully exclude jurors who do not share the defendant's race. Once a prima facie case is made that a defendant is exercising peremptory challenges in such a manner, the defendant must give nondiscriminatory explanations for such challenges (*see, Batson v Kentucky,* 476 US 79; *People v Stiff,* 206 AD2d 235, *lv denied* 85 NY2d 867, *cert denied* — US —, 116 S Ct 107). Any explanation need not rise to the level needed to sustain a challenge for cause (*see, People v Allen,* 86 NY2d 101, 109; *People v Stiff, supra*). The reason may even be "ill-founded—so long as the reason does not violate equal protection" (*People v Allen, supra,* at 109). The proponent of the *Batson* challenge then has the burden of proving that the proffered reasons were pretexual (*see, People v Richie,* 217 AD2d 84).

In this case involving the maltreatment of children with behavioral or learning disabilities by an elementary school principal, the defendant challenged, *inter alia,* a prospective juror because that individual had a relative who worked in the same elementary school as one of the defendant's relatives. This explanation has a bearing on the case at bar, and relates to a legitimate concern (*see, People v Bailey,* 200 AD2d 677, 678). Moreover, the explanation was race-neutral and no equal protection violation can be discerned from defense counsel's challenge upon this basis. Accordingly, it was error for the trial court to have found that this race-neutral explanation was pretextual (*see, People v Simmons,* 79 NY2d 1013).

The defendant's remaining contentions are without merit or need not be addressed. Miller, J. P., Hart and Florio, JJ., concur.

Friedmann, J., dissents and votes to affirm the judgment appealed from with the following memorandum: In the matter at bar, the prosecutor charged that the attorney for the defendant, who was white, was engaging in a systematic pattern of peremptorily challenging non-white jurors on the basis of race (*see, e.g., People v Stiff,* 206 AD2d 235, *lv denied* 85 NY2d 867, *cert denied* — US —, 116 S Ct 107). The court demanded that defense counsel give race-neutral reasons for his challenges. In subsequent colloquy, the court accepted some of the reasons proffered by defense counsel, but overrode two others. Of these, the majority has deemed one judicial "override" to have constituted reversible error. I disagree.

The prospective juror at issue, number 12, related that her brother-in-law worked as a child psychologist in the same school in which the wife of the defendant's brother was

employed as a teacher. In my estimation, the trial court did not err in deeming these relationships to be too remote to be anything but pretextual. In so doing, the court noted that defense counsel had made no effort to "voir dire" the juror on the subject, "even out of the presence of the other jurors".

The court's conclusion that the defendant's purported reason for challenging juror number 12 was disingenuous is borne out by defense counsel's misleading suggestions at various points during the third step of the *Batson* colloquy that the degree of consanguinity on both sides was closer, and therefore more prejudicial, than in fact was the case. Thus, at one point defense counsel told the court: "Judge, this particular juror worked in the school with my client's brother". Then, correcting himself, he said: "Actually, her mother did, with [the defendant's] relative". When the court pressed about the juror's "relative", counsel at length conceded that it was the juror's "brother-in-law". Similarly, defense counsel declared that not only the defendant's sister-in-law, but the defendant's mother-in-law as well worked at the school of the juror's relative; when asked by the court if that was the school at which the defendant's brother (who was also under indictment in an unrelated matter) served as the principal, counsel answered, "Yes". However, it was later clarified on the record, without contradiction by the defendant's counsel, that the defendant's brother did *not* work at the school of the juror's relative.

On the record before us, there is no indication of how juror number 12 might have been biased by the fact that her brother-in-law worked in the school of the defendant's sister-in-law, nor did defense counsel explore this issue with the juror. It is well settled that at the third step of a proper *Batson* inquiry, a Judge is entitled to assess the persuasiveness of a facially race-neutral explanation, and decide as a question of fact whether the opponent of the challenge has carried his burden of proving purposeful discrimination (*Batson v Kentucky*, 476 US 79, 98; *Hernandez v New York*, 500 US 352, 359, *affg* 75 NY2d 350). "At that stage, implausible or fantastic justifications may (and probably will) be found to be pretexts for purposeful discrimination" (*People v Richie*, 217 AD2d 84, 87). Such determinations by the trial court are entitled to great deference on appeal—particularly where, as here, they are supported by the record (*see, e.g., People v Jones*, 213 AD2d 677, *lv granted* 86 NY2d 737; *People v Payne*, 213 AD2d 565, *lv granted* 86 NY2d 739; *People v Thomas*, 210 AD2d 515; *People v Guess*, 208 AD2d 559; *People v Bailey*, 200 AD2d 677; *People v Mondello*, 191 AD2d 462, 463). As this Court has observed in the

past: "The [trial] court was in the best position to observe counsel's demeanor and determine whether his explanations were credible or, as the court apparently found, transparent excuses" (*People v Jupiter,* 210 AD2d 431, 434).

Under the circumstances of this case, I see no reason to disturb the trial court's finding that the explanation given for the challenge to juror number 12 was merely pretextual. Accordingly, I would affirm the judgment of conviction.