■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KAREN WHITESIDE, Also Known as KAREN WHITE, Appellant. [665 NYS2d 527] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Appelman, J.), rendered February 22, 1996, convicting her of criminal sale of a controlled substance in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

During voir dire, the defense counsel exercised a peremptory challenge for a prospective white juror. The court, noting the defense counsel's pattern of challenging white venirepersons, requested an explanation for the challenge. Although the defense counsel initially claimed that the reason he was challenging the prospective juror was because she had a number of family members who were correction officers, the defense counsel ultimately replied that it was because the prospective

juror was white. Thereafter, the court denied the defendant's peremptory challenge, finding that his prior explanation was pretextual. We agree.

It is well settled that purposeful racial discrimination by defendants and their counsel in criminal cases in the exercise of peremptory challenges is prohibited under the New York State and Federal Constitutions (*see, Batson v Kentucky,* 476 US 79; *see, Hernandez v New York,* 75 NY2d 350, *affd* 500 US 352; *People v Kern,* 75 NY2d 638, *cert denied* 498 US 824; *People v Thomas,* 210 AD2d 515). The Supreme Court properly determined that the explanation proffered by the defense counsel was a mere pretext offered in an attempt to conceal a racially-discriminatory intent (*see, People v Hawthorne,* 80 NY2d 873; *People v Jupiter,* 210 AD2d 431; *People v McCoy,* 210 AD2d 508; *People v Dixon,* 202 AD2d 12). The court's determination is entitled to great deference on appeal and will not be disturbed where, as here, it is supported by the record (*see, Hernandez v New York, supra; People v Guess,* 208 AD2d 559; *People v Jones,* 204 AD2d 485; *People v Bailey,* 200 AD2d 677; *People v Mondello,* 191 AD2d 462).

The defendant also challenges the Supreme Court's decision to close the courtroom during the undercover police officer's testimony. Contrary to the defendant's contention, the undercover officer's testimony that he would be returning to the area of the defendant's arrest, that he was involved in undercover operations in the area of the courthouses, and that he had received threats while working as an undercover officer was sufficient to support the closure of the courtroom during his trial testimony (*see, People v Martinez,* 82 NY2d 436; *People v Pearson,* 82 NY2d 436, 444; *People v Mitchell,* 209 AD2d 444; *People v Thompsòn,* 202 AD2d 454; *People v Hosien,* 204 AD2d 658; *People v Campbell,* 204 AD2d 474).

The defendant's remaining contentions are without merit. O'Brien, J. P., Thompson, Santucci and Joy, JJ., concur.