■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TROY THOMPSON, Appellant. [667 NYS2d 260] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Wade, J.), rendered March 17, 1995, convicting him of assault in the second degree and criminal possession of a weapon in the fourth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

There is no merit to the defendant's contention that the prosecution failed to make a prima facie showing that the defense exercised its peremptory challenges on the basis of race. A defendant may not exercise his peremptory challenges in a manner which purposefully excludes prospective jurors who do not share his race (see, *People v Stiff*, 206 AD2d 235, *cert denied* 516 US 832; *see also, Batson v Kentucky*, 476 US 79).

The trial court sufficiently complied with the three-step procedure required in determining the allegedly discriminatory use of peremptory challenges (see, *People v Payne*, 88 NY2d 172) and did not err in disallowing two of the defendant's peremptory challenges. After hearing the defendant's reasons for challenging these jurors, and the People's argument in opposition to the challenges, the court ruled that the challenges were pretextual and not race-neutral. Its determination that the challenges were pretextual is entitled to great deference on appeal and ought not to be disturbed where, as here, it is supported by the record (see, *People v Hernandez*, 75 NY2d 350, *affd* 500 US 352; *People v Payne*, 213 AD2d 565, *affd* 88 NY2d 172, *supra*; *People v Jones*, 204 AD2d 485). The court's statement that a *Batson* analysis also required it to consider

whether the jurors could be fair, while erroneous, does not warrant setting aside the determination that the challenges were pretextual (*cf., People v Mack,* 220 AD2d 617).

The defendant's contention that the court erred in failing to charge assault in the third degree as a lesser-included offense of assault in the first degree is without merit. A reasonable view of the evidence does not support a finding that the defendant merely caused physical injury rather than serious physical injury (*see, People v Glover,* 57 NY2d 61; *People v Eagleston,* 194 AD2d 623). The victim was slashed in the hand with a box cutter, resulting in a permanent loss of function. Bracken, J. P., O'Brien, Sullivan and Santucci, JJ., concur.