■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ARTHUR MILLER, Appellant. [698 NYS2d 893] —Application by the appellant for a writ of error coram nobis to vacate, on the ground of ineffective assistance of appellate counsel, a decision and order of this Court dated June 2, 1997 *(People v Miller,* 240 AD2d 435), affirming a judgment of the Supreme Court, Kings County, rendered October 10, 1996.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EMERY MILLER, Appellant. [698 NYS2d 881] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Martin, J.), rendered January 5, 1998, convicting him of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the seventh degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

During voir dire, the defense counsel exercised a peremptory challenge to four white prospective jurors, and the prosecutor raised a reverse-*Batson* objection *(see, Batson v Kentucky,* 476 US 79; *People v Kern,* 75 NY2d 638, *cert denied* 498 US 824). The defense counsel offered facially race-neutral explanations, including his assessment that one of the challenged prospective jurors was "a little overweight", and "seemed a little unhealthy", and she might be unable to sit through a week or more of testimony. Thereafter, the court denied the defendant's peremptory challenge to that prospective juror, finding that the explanation was pretextual. We agree.

The racially-motivated use of peremptory challenges by either the defense or the prosecution violates the Equal Protection Clause of both the State and Federal Constitutions *(see,*

*Hernandez v New York,* 500 US 352; *Batson v Kentucky,* 476 US 79, *supra; People v Kern,* 75 NY2d 638, *cert denied* 498 US 824, *supra; People v Thomas,* 210 AD2d 515).

The Supreme Court properly determined that the explanation proffered by the defense counsel was a mere pretext offered in an attempt to conceal a racially-discriminatory intent (*see, People v Hawthorne,* 80 NY2d 873; *People v Jupiter,* 210 AD2d 431; *People v McCoy,* 210 AD2d 508; *People v Dixon,* 202 AD2d 12). The determination of the Supreme Court is entitled to great deference on appeal and will not be disturbed where, as here, it is supported by the record (*see, Hernandez v New York, supra; People v Garcia,* 239 AD2d 599; *People v Guess,* 208 AD2d 559; *People v Jones,* 204 AD2d 485; *People v Bailey,* 200 AD2d 677; *People v Mondello,* 191 AD2d 462). O'Brien, J. P., Krausman, Florio and Feuerstein, JJ., concur.