◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SHAWN BROWN, Also Known as SEAN BROWN, Appellant. [751 NYS2d 298] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Eng, J.), rendered December 14, 1999, convicting him of criminal possession of a weapon in the second degree and reckless endangerment in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contentions, the trial court's *Batson* ruling (*see Batson v Kentucky,* 476 US 79) properly acknowledged that the prosecution offered a nonpretextual, race-neutral explanation for its peremptory challenge to the prospective juror in controversy (*see People v Payne,* 88 NY2d 172). This prospective juror was a half-sibling of one of the victims of the attack by a group of white teenagers upon three black men in 1986 in the "so-called 'Howard Beach incident' " (*People v Kern,* 75 NY2d 638, 643, *cert denied* 498 US 824). Voir dire examination of this prospective juror elicited legitimate concerns as to his suitability as a juror (*see People v Posner,* 226 AD2d 481, 482; *cf. People v Jones,* 223 AD2d 559). Accordingly, the Supreme Court providently denied the

defendant's *Batson* challenge (*see People v Benjamin,* 278 AD2d 239; *People v Morrison,* 235 AD2d 553).

The defendant's remaining contentions are unpreserved for appellate review (*see* CPL 470.05 [2]) and, in any event, are without merit. Altman, J.P., S. Miller, Luciano and Rivera, JJ., concur.