■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GERALD L. FRYAR, Appellant. [814 NYS2d 755]—

Appeal by the defendant from a judgment of the Supreme Court, Dutchess County (Hayes, J.), rendered May 19, 2004, convicting him of burglary in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant failed to preserve for appellate review his contention that the Supreme Court erroneously admitted into evidence a police officer's testimony because it constituted hearsay and violated his constitutional right to confront a witness (*see People v Blackman*, 13 AD3d 640, 640-641 [2004]). In any event, the error is harmless because "there is no reasonable possibility that the error might have contributed to the conviction" (*People v Ayala*, 75 NY2d 422, 431 [1990]).

The defendant's contentions that improper remarks made by the prosecutor during summation constituted reversible error are unpreserved for appellate review except for his contention that the prosecutor improperly asked what the defendant was doing in the home of a 20-year-old college student at 11 o'clock at night. In any event, the challenged remarks were either fair comment on the evidence or a fair response to the defense summation (*see People v Urena*, 24 AD3d 693 [2005], *lv denied* 6 NY3d 819 [2006]).

The defendant's *Batson* challenge (*see Batson v Kentucky*, 476 US 79 [1986]) was properly denied as he failed to make the requisite prima facie showing of discrimination. It is incumbent upon a party making a *Batson* challenge to articulate and develop all of the grounds supporting the claim, both factual and legal, during the colloquy in which the objection is raised and discussed (*see People v Childress*, 81 NY2d 263, 268 [1993]). In support of the *Batson* application, the defendant noted only that the prosecutor used challenges against two of three black potential jurors. Those two challenges were among a total of seven peremptory challenges by the prosecution, with the remaining five not at issue, and a black juror was seated after the seventh peremptory challenge. In the absence of a record demonstrating other facts or circumstances supporting a prima facie showing, the Supreme Court correctly found that the de-

fendant failed to establish a pattern of purposeful exclusion sufficient to raise an inference of racial discrimination (*see People v Harrison*, 272 AD2d 554, 554-555 [2000]). Because the defendant failed to establish a prima facie case of discrimination, the Supreme Court did not err in failing to require the prosecutor to provide a race-neutral explanation for both his challenges to prospective black jurors (*see People v Childress, supra* at 268; *People v Thomas*, 210 AD2d 515, 516 [1994]). Crane, J.P., Goldstein, Rivera and Dillon, JJ., concur.