■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KWAME SCOTT, Appellant. [897 NYS2d 138]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Dowling, J.), rendered October 30, 2007, convicting him of murder in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The Supreme Court providently exercised its discretion in admitting the testimony of an expert witness concerning gangs, including their customs and violent practices. This evidence was highly probative of the defendant's motive, as well as explanatory of the defendant's actions and, thus, critical to the jury's understanding of the relationship between the defendant and the victim (see People v Cain, 16 AD3d 288 [2005]; People v Avila, 303 AD2d 165 [2003]; People v Edwards, 295 AD2d 270 [2002]).

The defendant's Batson challenge (see Batson v Kentucky, 476 US 79 [1986]) was properly denied, as he failed to make the requisite prima facie showing of discrimination. It is incumbent upon a party making a Batson challenge to articulate and develop all of the grounds supporting the claim, both factual and legal, during the colloquy in which the objection is raised and discussed (see People v Childress, 81 NY2d 263, 268 [1993]; People v Fryar, 29 AD3d 919 [2006]). In support of the Batson application, the defendant noted only that the prosecutor used challenges against several prospective black jurors. In the absence of a record demonstrating other circumstances supporting a prima facie showing, the Supreme Court correctly found that the defendant failed to establish a pattern of purposeful exclusion sufficient to raise an inference of racial discrimination (see People v Fryar, 29 AD3d 919 [2006]; People v Harrison, 272 AD2d 554, 554-555 [2000]). Since the defendant failed to establish a prima facie case of discrimination, the Supreme Court did not err in failing to require the prosecutor to provide a race-neutral explanation for his challenges to prospective black jurors (see People v Childress, 81 NY2d at 268; People v Fryar, 29 AD3d 919 [2006]; People v Thomas, 210 AD2d 515, 516 [1994]).

The defendant's remaining contentions either are without merit or do not require reversal. Fisher, J.P., Angiolillo, Belen and Lott, JJ., concur.