■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN DOE, Also Known as DAMIAN WILLIAMS, Appellant. [913 NYS2d 662]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Knopf, J.), rendered February 24, 2009, convicting him of burglary in the third degree, criminal possession of stolen property in the fifth degree, petit larceny, and resisting arrest, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's claim pursuant to *Batson v Kentucky* (476 US 79 [1986]), premised on the prosecutor's use of peremptory challenges to strike female African-American prospective jurors, was properly denied, as the defendant failed to make the requisite prima facie showing of discrimination. It is incumbent upon a party making a *Batson* challenge to articulate and develop all of the grounds supporting the claim, both factual and legal, during the colloquy in which the objection is raised and discussed (*see People v James*, 99 NY2d 264, 271 [1991]; *People v Childress*, 81 NY2d 263, 268 [1993]). In support of his *Batson* application, the defendant relied solely on the number of prospective female African-American jurors challenged to support his request for a race/gender-neutral explanation, and otherwise offered no showing of circumstances sufficient to raise an inference of a pattern of discrimination (*see People v Scott*, 70 AD3d 977 [2010]; *People v Diaz*, 59 AD3d 459 [2009]; *People v Connelly*, 54 AD3d 348 [2008]; *People v Severino*, 44 AD3d 1077 [2007]; *People v Fryar*, 29 AD3d 919 [2006]). Since the defendant failed to establish a prima facie case of discrimina-

tion, the Supreme Court did not err in failing to require the prosecutor to provide a race/gender-neutral explanation for his challenges to the prospective female African-American jurors (*see People v Childress*, 81 NY2d at 268; *People v Scott*, 70 AD3d at 977; *People v Fryar*, 29 AD3d at 919). Dillon, J.P., Santucci, Dickerson and Chambers, JJ., concur.