■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TYRONE PETERS, Appellant. [949 NYS2d 491]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Feldman, J.), rendered July 23, 2004, convicting him of murder in the first degree and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is affirmed.

On March 22, 2003, the defendant was involved in a minor car accident with Winston Williams; at the scene of the accident he allegedly threatened Williams with a gun in order to coerce him into paying for the damage to the defendant's car. The police arrested the defendant at the accident scene for possession of a weapon. On March 26, 2003, Williams testified about the incident at a grand jury proceeding. On March 31, 2003, Williams was shot and killed, and the defendant was subsequently arrested and charged with his murder. After trial the defendant

was convicted, inter alia, of murder in the first degree. We affirm.

"The credibility findings of hearing courts are entitled to deference on appeal, but this Court may make its own findings of fact if it determines that the hearing court incorrectly assessed the evidence" (*People v McClendon*, 92 AD3d 959, 960 [2012], *lv denied* 19 NY3d 865 [2012]). Here, following a pretrial hearing regarding that branch of the defendant's omnibus motion which was to suppress a gun recovered by the police, the Supreme Court correctly determined that there was no basis to grant suppression. The officer who testified at the suppression hearing established that she received information from an identified citizen that the defendant possessed the gun which was thereafter recovered by the officer from a vehicle owned by the defendant (*see People v LaFontant*, 46 AD3d 840, 842 [2007]; *People v Williams*, 301 AD2d 543 [2003]). The defendant's contention that the court improperly interjected itself in the proceedings and the questioning of the police officer is without merit (*see People v Yut Wai Tom*, 53 NY2d 44, 57 [1981]; *People v Button*, 56 AD3d 1043, 1045 [2008]).

The Supreme Court correctly admitted the grand jury testimony of the deceased victim into evidence and allowed it to be read to the jury. The People established, by clear and convincing evidence, that the defendant was involved in the murder of the victim, thereby permitting the People to offer at trial the victim's grand jury testimony with respect to the weapon possession charge (*see People v Bosier*, 6 NY3d 523, 527 [2006]; *People v Geraci*, 85 NY2d 359, 366-367 [1995]; *People v McCrae*, 69 AD3d 759, 759-760 [2010]). The defendant's contention that the admission of the grand jury testimony of the deceased victim was improper based on *Crawford v Washington* (541 US 36 [2004]) is unpreserved for appellate review, and, in any event, without merit. Also without merit is the defendant's contention that the People violated the terms of a stipulation regarding how the deceased's grand jury testimony would be read at trial.

The Supreme Court correctly denied the defendant's challenge to the prosecutor's exercise of a peremptory challenge with respect to an African-American prospective juror. The defendant did not demonstrate circumstances supporting a prima facie showing that would establish a pattern of purposeful exclusion sufficient to raise an inference of racial discrimination (*see Batson v Kentucky*, 476 US 79, 96-97 [1986]; *People v McCall*, 80 AD3d 626, 627 [2011]; *People v Doe*, 78 AD3d 1072 [2010]).

The defendant further contends that reversal is warranted because he allegedly was absent from the courtroom when the

Supreme Court provided supplemental instructions to the deliberating jury. However, the presumption of regularity which attaches to judicial proceedings can only be overcome by substantial evidence (*see People v Velasquez*, 1 NY3d 44, 48 [2003]; *People v Harrison*, 85 NY2d 794, 795 [1995]). Here the defendant failed to come forward with substantial evidence to rebut the presumption of regularity or otherwise establish that he was absent from the courtroom during the supplemental instructions (*see People v Velasquez*, 1 NY3d at 48; *People v Andrew*, 1 NY3d 546, 547 [2003]; *People v Bogan*, 78 AD3d 855 [2010]). The defendant's related claim that reversal is warranted because a court officer engaged in an improper communication with deliberating jurors is unpreserved for appellate review, and in any event, without merit (*see People v Kelly*, 5 NY3d 116 [2005]). Similarly without merit is the defendant's contention that the trial court improperly addressed two alternate jurors in the absence of the defendant, his counsel, and the prosecutor, as the defendant and his counsel explicitly agreed to such procedure.

The defendant's contention that the prosecutor improperly cross-examined one of the defendant's witnesses with respect to her failure to go to the police with exculpatory information is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Miller*, 89 NY2d 1077, 1079 [1997]). In any event, this contention is without merit (*see People v Dawson*, 50 NY2d 311, 321 [1980]; *People v Quinney*, 305 AD2d 1044, 1045 [2003]; *People v Figueroa*, 181 AD2d 690 [1992]).

The defendant's contention that he was denied a fair trial based upon several allegedly improper comments made by the prosecutor during his summation is without merit. The prosecutor's comments relating to the main defense witness were not made in bad faith, constituted an effort to persuade the jury to draw inferences supporting the People's position, and did not constitute an impermissible effort to shift the burden of proof (*see People v Guevara-Carrero*, 92 AD3d 693, 694-695 [2012]; *People v Gross*, 78 AD3d 1196, 1197 [2010]; *People v Williams*, 13 AD3d 660 [2004]). In addition, the prosecutor's comment that it was the defendant's counsel's job to call the People's main witnesses "liars" was an isolated inflammatory remark which does not require reversal (*see People v Whaley*, 70 AD3d 570, 571 [2010]). Furthermore, although the defendant registered an objection to the prosecutor's comments regarding the People's two main witnesses, that the fact that they came forward was "a scary proposition," and that the jury should "not penalize these people for having done the

right thing, the courageous thing," the defendant did not request curative instructions or move for a mistrial after the objection was sustained. Thus, the trial court's response to the objection must be deemed to have corrected any error to the defendant's satisfaction (*see People v Heide*, 84 NY2d 943, 944 [1994]). The remaining summation comments challenged by the defendant constituted fair comment on the evidence or were a fair response to defense counsel's summation (*see People v Galloway*, 54 NY2d 396, 401 [1981]; *People v Grant*, 94 AD3d 1139 [2012]).

The defendant's contentions that the People failed to meet their obligations pursuant to *People v Rosario* (9 NY2d 286 [1961], *cert denied* 368 US 866 [1961]), and that the trial court should have given an adverse inference charge in this regard, are without merit (*see People v Alvarez*, 70 NY2d 375, 381 [1987]; *cf. People v Campbell*, 186 AD2d 212, 213 [1992]). Finally, contrary to the defendant's contention, the Supreme Court correctly ruled that he was not entitled to a missing witness charge (*see People v Gonzalez*, 68 NY2d 424, 427 [1986]).

The defendant was afforded the effective assistance of trial counsel (*see People v Taylor*, 1 NY3d 174, 176 [2003]; *People v Benevento*, 91 NY2d 708, 712 [1998]; *People v Baldi*, 54 NY2d 137, 147 [1981]; *People v Brooks*, 89 AD3d 746, 746 [2011]). Dillon, J.P., Belen, Austin and Sgroi, JJ., concur.