The defendant’s Batson challenge (see Batson v Kentucky, 476 US 79 [1986]) was properly denied, as he failed to make the requisite prima facie showing of discrimination. It is incumbent upon a party making a Batson challenge to articulate and develop all of the grounds supporting the claim, both factual and legal, during the colloquy in which the objection is raised and discussed (see People v Childress, 81 NY2d 263, 268 [1993]; People v Scott, 70 AD3d 977 [2010]; People v Fryar, 29 AD3d 919 [2006]). In support of the Batson application, the defendant noted only that the prosecutor used challenges against several female black prospective jurors. In the absence of a record demonstrating other circumstances supporting a prima facie show *739 ing, the Supreme Court properly determined that the defendant failed to establish a pattern of purposeful exclusion sufficient to raise an inference of racial discrimination (see People v Scott, 70 AD3d 977 [2010]; People v Fryar, 29 AD3d 919 [2006]; People v Harrison, 272 AD2d 554, 554-555 [2000]). Since the defendant failed to establish a prima facie case of discrimination, the Supreme Court did not err in failing to require the prosecutor to provide a race-neutral explanation for her challenges to certain black prospective jurors (see People v Childress, 81 NY2d at 268; People v Scott, 70 AD3d 977 [2010]; People v Fryar, 29 AD3d 919 [2006]; People v Thomas, 210 AD2d 515 [1994]).
Viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620, 621 [1983]), we find that it was legally sufficient to establish the defendant’s guilt beyond a reasonable doubt with respect to the conviction of murder in the first degree. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15 [5]; People v Danielson, 9 NY3d 342 [2007]), we nevertheless accord great deference to the factfinder’s opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410 [2004], cert denied 542 US 946 [2004]; People v Bleakley, 69 NY2d 490 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt with respect to the conviction of murder in the first degree was not against the weight of the evidence (see People v Romero, 7 NY3d 633 [2006]).
In his pro se supplemental brief, the defendant contends that he was deprived of his constitutional right to present a defense. This contention is not preserved for appellate review, since he did not make this argument at trial (see People v Haddock, 79 AD3d 1148 [2010]; People v Simon, 6 AD3d 733 [2004]).
The defendant’s remaining contention is without merit. Dillon, J.P, Dickerson, Austin and Miller, JJ., concur.