■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KENNETH NEALON, Appellant. [45 NYS3d 801]—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Lewis, J.), rendered September 21, 2009, convicting him of robbery in the first degree, robbery in the second degree, assault in the second degree, and criminal possession of stolen property in the fifth degree, upon a jury verdict, and imposing sentence. By decision and order dated April 16, 2014, this Court reversed the judgment, on the law, and ordered a new trial (*see People v Nealon*, 116 AD3d 886 [2014]). On October 27, 2015, the Court of Appeals reversed the decision and order of this Court and remitted the matter to this Court for consideration of the facts and issues raised but not determined on the appeal to this Court (*see People v Nealon*, 26 NY3d 152 [2015]). Justice Maltese has been substituted for former Justice Lott (*see* 22 NYCRR 670.1 [c]).

Ordered that, upon remittitur from the Court of Appeals, the judgment is affirmed.

The defendant's contention that the Supreme Court's handling of certain jury notes violated the procedure set forth by the Court of Appeals in *People v O'Rama* (78 NY2d 270, 277-278 [1991]) is unpreserved for appellate review (*see People v Morris*, 27 NY3d 1096, 1098 [2016]; *People v Nealon*, 26 NY3d 152, 161-162 [2015]). Under the circumstances, we decline to reach this contention in the exercise of our interest of justice jurisdiction (*see People v Bedeau*, 129 AD3d 853, 853 [2015]).

The defendant's contention that the prosecutor made improper comments during summation which deprived him of a fair trial is also unpreserved for appellate review (*see People v Rodney*, 96 AD3d 880 [2012]; *People v Evans*, 291 AD2d 569 [2002]; *People v Livigni*, 288 AD2d 323, 324 [2001]), and we decline to review it in the exercise of our interest of justice jurisdiction (*see People v Jones*, 139 AD3d 878, 880 [2016]; *People v Ellis*, 133 AD3d 777, 778 [2015]). Rivera, J.P., Miller, Hinds-Radix and Maltese, JJ., concur.