■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TYSON SYDORIAK, Appellant. [46 NYS3d 222]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Holder, J.), rendered May 4, 2011, convicting him of attempted murder in the second degree, upon his plea of guilty, and attempted robbery in the first degree (two counts), attempted robbery in the second degree, criminal possession of a weapon in the second degree, attempted criminal possession of a controlled substance in the second degree, and attempted criminal possession of a controlled substance in the third degree, upon a jury verdict, and imposing sentence. By decision and order dated August 27, 2014, this Court reversed the judgment, on the law, and ordered a new trial (*see People v Sydoriak*, 120 AD3d 840 [2014]). On October 27, 2015, the Court of Appeals reversed the decision and order of this Court and remitted the matter to this Court for consideration of the facts and issues raised but not determined on the appeal to this Court (*see People v Sydoriak*,

26 NY3d 1015 [2015]). Justice Rivera has been substituted for former Justice Skelos and Justice Hinds-Radix has been substituted for former Justice Lott (*see* 22 NYCRR 670.1 [c]).

Ordered that, upon remittitur from the Court of Appeals, the judgment is affirmed.

The defendant's *Batson* challenge (*see Batson v Kentucky*, 476 US 79 [1986]) was properly denied, as he failed to make the requisite prima facie showing of discrimination. It is incumbent upon a party making a *Batson* challenge to articulate and develop all of the grounds supporting the claim, both factual and legal, during the colloquy in which the objection is raised and discussed (*see People v Childress*, 81 NY2d 263, 268 [1993]; *People v Valdez-Cruz*, 99 AD3d 738, 738-739 [2012]; *People v Scott*, 70 AD3d 977 [2010]; *People v Fryar*, 29 AD3d 919 [2006]). In support of the *Batson* application, the defendant noted only that the prosecutor used challenges against several female prospective jurors. In the absence of a record demonstrating other circumstances supporting a prima facie showing, the Supreme Court properly determined that the defendant failed to establish a pattern of purposeful exclusion sufficient to raise an inference of discrimination (*see People v Valdez-Cruz*, 99 AD3d at 738-739; *People v Scott*, 70 AD3d 977 [2010]; *People v Fryar*, 29 AD3d 919 [2006]). Since the defendant failed to establish a prima facie case of discrimination, the court did not err in failing to require the prosecutor to provide a gender-neutral explanation for her challenges to certain female prospective jurors (*see People v Childress*, 81 NY2d at 268; *People v Valdez-Cruz*, 99 AD3d at 738-739; *People v Scott*, 70 AD3d 977 [2010]; *People v Fryar*, 29 AD3d 919 [2006]; *People v Thomas*, 210 AD2d 515 [1994]).

The defendant's contention that the Supreme Court's handling of certain jury notes violated the procedure set forth by the Court of Appeals in *People v O'Rama* (78 NY2d 270, 277-278 [1991]) is unpreserved for appellate review (*see People v Morris*, 27 NY3d 1096, 1098 [2016]; *People v Nealon*, 26 NY3d 152, 161-162 [2015]). Under the circumstances, we decline to reach this contention in the exercise of our interest of justice jurisdiction (*see People v Nealon*, 147 AD3d 784 [2017] [decided herewith]; *People v Bedeau*, 129 AD3d 853, 853 [2015]). Rivera, J.P., Roman, Cohen and Hinds-Radix, JJ., concur.