People v Nieves (2020 NY Slip Op 04866)





People v Nieves


2020 NY Slip Op 04866


Decided on September 2, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 2, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
CHERYL E. CHAMBERS
JEFFREY A. COHEN
COLLEEN D. DUFFY, JJ.


2016-00996
 (Ind. No. 8460/13)

[*1]The People of the State of New York, respondent,
v
Roberto Nieves, appellant.


Paul Skip Laisure, New York, NY (Sean H. Murray of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Joyce Slevin, and Abed Z. Bhuyan of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Ruth Shillingford, J.), rendered January 12, 2016, convicting him of criminal sexual act in the first degree, rape in the second degree, criminal sexual act in the third degree, sexual abuse in the second degree (two counts), and endangering the welfare of a child, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
Contrary to the defendant's contention, the verdict of guilt was not against the weight of the evidence (see CPL 470.15[5]; People v Romero, 7 NY3d 633, 640-641; People v Bleakley, 69 NY2d 490, 495).
The Supreme Court providently exercised its discretion in permitting the People to elicit testimony regarding the defendant's uncharged criminal behavior against the complainant, and in admitting certain letters sent by the defendant to the complainant and/or her mother, because this evidence provided relevant background information on the nature of the relationship between the defendant and the complainant, placed the charged conduct in context, and was relevant to the defendant's motive and intent (see People v Dorm, 12 NY3d 16, 19; People v Molineux, 168 NY 264, 293; People v Stewart, 161 AD3d 1108, 1108-1109; People v Beer, 146 AD3d 895, 896; People v Henderson, 142 AD3d 1104, 1105; People v Fonseca, 121 AD3d 915, 916; People v Bermejo, 77 AD3d 965, 965). Furthermore, the probative value of the evidence outweighed the risk of prejudice to the defendant (see People v Frumusa, 29 NY3d 364, 373; People v Cass, 18 NY3d 553, 560; People v Henry, 173 AD3d 900, 901), and the court's limiting instruction to the jury served to alleviate any prejudice from the admission of that evidence (see People v Gross, 172 AD3d 741, 742).
DILLON, J.P., CHAMBERS, COHEN and DUFFY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court