People v Doole
2026 NY Slip Op 03452
June 3, 2026
Appellate Division, Second Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

The People of the State of New York, respondent,
v
Naflan M. Doole, appellant.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department
Decided on June 3, 2026
2021-04060, (Ind. No. 588/18)
Valerie Brathwaite Nelson, J.P.
Paul Wooten
Laurence L. Love
James P. McCormack, JJ.

Patricia Pazner, New York, NY (Bina Ahmad and Hannah Kon of counsel), for appellant.
Michael E. McMahon, District Attorney, Staten Island, NY (Thomas B. Litsky and Rhys Johnson of counsel), for respondent.

[*1]
DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Richmond County (Alexander Jeong, J.), rendered May 27, 2021, convicting him of criminal sexual act in the third degree, attempted rape in the third degree, and forcible touching (two counts), upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
Contrary to the defendant's contention, the Supreme Court's COVID-19 safety protocols did not deprive him of the ability to meaningfully participate in jury selection or violate his right to due process (see People v Ramirez, 41 NY3d 406, 409; People v Jimenez, 229 AD3d 568, 569).
The defendant's Batson challenge (see Batson v Kentucky, 476 US 79) to the prosecutor's exercise of peremptory challenges was properly denied, as the defendant failed to make the requisite prima facie showing of discrimination. "'It is incumbent upon a party making a Batson challenge to articulate and develop all of the grounds supporting the claim, both factual and legal, during the colloquy in which the objection is raised and discussed'" (People v Devane, 242 AD3d 764, 765, quoting People v Cuesta, 103 AD3d 913, 914; see People v Childress, 81 NY2d 263, 268). Here, the defendant's reliance on the prosecutor's removal of male prospective jurors, without more, was insufficient to make a prima facie showing of discrimination (see People v Cutting, 150 AD3d 873, 874; People v Sydoriak, 147 AD3d 791, 792). Moreover, the defendant failed to offer any showing of facts and circumstances sufficient to raise an inference of purposeful discrimination (see People v Abodalo, 178 AD3d 1067, 1068; People v Mancha, 162 AD3d 903, 903). Since the defendant failed to establish a prima facie case of discrimination, the Supreme Court did not err in failing to require the prosecutor to provide a gender-neutral explanation for the challenges to certain male prospective jurors (see People v Childress, 81 NY3d at 268; People v Sydoriak, 147 AD3d at 792).
The defendant's contention that he was deprived of a fair trial due to the Supreme Court's admission of certain testimony pursuant to People v Molineux (168 NY 264) is without [*2]merit, as the testimony at issue provided relevant background information and was relevant to the defendant's motive and intent (see People v Migranyan, 237 AD3d 1109, 1110; People v Nieves, 186 AD3d 1260, 1261). Moreover, the court providently exercised its discretion in determining that the probative value of that evidence outweighed the potential for prejudice to the defendant, and the court's limiting instruction to the jury served to alleviate any potential prejudice resulting from the admission of that evidence (see People v Migranyan, 237 AD3d at 1110; People v Nieves, 186 AD3d at 1261).
The defendant's challenge to certain remarks made by the prosecutor during summation is largely unpreserved for appellate review (see CPL 470.05[2]). In any event, the majority of the challenged remarks were fair comment on the evidence or responsive to defense counsel's summation (see People v Woods, 247 AD3d 942, 943; People v Rice, 244 AD3d 1141, 1143). Although the prosecutor impermissibly attempted to shift the burden of proof during summation, any prejudice arising from those remarks was ameliorated by the Supreme Court immediately sustaining defense counsel's objections to the remarks and by the court's instructions to the jury (see People v Chizor, 190 AD3d 763, 763). Moreover, any improper remarks made during the prosecutor's summation were not so flagrant or pervasive as to have deprived the defendant of a fair trial (see People v Chandler, 237 AD3d 1105, 1106; People v Almonte, 23 AD3d 392, 394).
BRATHWAITE NELSON, J.P., WOOTEN, LOVE and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court