OPINION OF THE COURT
 

 Memorandum.
 

 The order of the Appellate Division should be affirmed.
 

 We agree with the Appellate Division that defendant’s convictions required reversal because his Sixth Amendment right "to be confronted with the witnesses against him” was
 
 *988
 
 violated by the People’s introduction, as part of its case-in-chief at trial, of the Grand Jury testimony of a witness, Patricia Lee.
 

 In her Grand Jury testimony, Lee stated that defendant had made incriminating admissions to her. Prior to trial, Lee informed the trial court that if called to testify at trial, she would invoke her Fifth Amendment right against self-incrimination. Upon the People’s request, the trial court ordered a hearing pursuant to
 
 United States v Mastrangelo
 
 (693 F2d 269 [2d Cir],
 
 cert denied
 
 467 US 1204) and
 
 Matter of Holtzman v Hellenbrand
 
 (92 AD2d 405) to determine whether defendant had forfeited his confrontation right by allegedly causing Lee’s unavailability as a trial witness.
 

 At the hearing, Lee testified that neither defendant nor anyone in his family had threatened her or asked her not to testify at trial. She claimed that instead the police had coerced her into giving false testimony incriminating defendant before the Grand Jury. Defendant’s sister testified that Lee had stated that the police had forced her to lie before the Grand Jury. The People called the detective who was in charge of the investigation and had taken a statement from Lee prior to her Grand Jury testimony. He testified that neither he nor any officer in his presence forced Lee to testify. The People did not, however, produce any evidence that defendant had threatened Lee. Indeed, the prosecuting attorney testified that Lee had previously told him that although "she feared difficulties from the defendant and his family”, she had not been threatened by them.
 

 We agree with the majority at the Appellate Division that the hearing court erred because there is no evidence that defendant or someone acting on his behalf tampered with this witness.
 

 The People’s remaining arguments are without merit.
 

 Chief Judge Wachtler and Judges Simons, Kaye, Alexander, Titone, Hancock, Jr., and Bellacosa concur.
 

 Order affirmed in a memorandum.