■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LIONEL PETERSON, Appellant.—Judgment, Supreme Court, New York County (Carey, J.), rendered August 2, 1988, convicting defendant, after a jury trial, of criminal possession of stolen property in the third and fourth degrees and sentencing him as a predicate felony offender to concurrent indeterminate prison terms of from 2 to 4 years and 1½ years, is unanimously affirmed.

Defendant was stopped for a traffic infraction. Upon defen-

dant's failure to produce the vehicle registration and insurance card, a license plate check was run on the car, which indicated that it had been stolen in New Jersey four days prior to the stop of defendant. Defendant was thereafter arrested.

Defendant's sole contention on appeal is that the trial court erred in not allowing the prior suppression hearing testimony of Angelo Dickey to be introduced at trial, thereby depriving defendant of his due process and compulsory process rights to present a defense. We find the argument to be without merit.

Under CPL 670.10, the admissibility of the prior testimony of a witness is limited to three specifically enumerated categories. The categories are (1) a trial of an accusatory instrument, or (2) a hearing upon a felony complaint conducted pursuant to CPL 180.60, or (3) an examination of a witness conditionally, conducted pursuant to CPL article 660. These categories are admissible at a subsequent proceeding when the witness is shown to be unavailable or cannot with due diligence be found. (CPL 670.10 [1].)

First, the testimony sought to be admitted is not within one of the carefully worded and enumerated exceptions, suggesting that the Legislature intended the statute's reach to be relatively narrow and limited to its precise terms. Additionally, we find in accordance with the recent Court of Appeals decision in *People v Ayala* (75 NY2d 422, 429) that the general rule that " '[i]n criminal matters the courts must be more circumspect' " counsels against a construction that would extend CPL 670.10 well beyond the fair import of its language. *(See also, People v Harding,* 37 NY2d 130 [1975].) The record shows no effort by defendant to subpoena or otherwise compel the attendance of the witness, Dickey, at court. Thus, he cannot be said to have been unavailable. His whereabouts were, in fact, well known. Concur—Murphy, P. J., Carro, Rosenberger, Kassal and Smith, JJ.