■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY SMALL, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Leahy, J.), rendered January 10, 1989, convicting him of murder in the second degree, and robbery in the first degree (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

In the early morning July 12, 1986, Anthony Small, his two codefendants, Darryl Morgan and Jackie Morgan, and a fourth individual, robbed and killed a security guard who was working at a gas station in Queens. During the robbery, the codefendant Jackie Morgan was shot twice. The defendant and the codefendants removed Jackie Morgan from the scene in a van stolen from their victim. Jackie Morgan was transferred from the van to a car driven by Darryl Lomax, who drove him to the hospital.

Darryl Lomax apparently knew that the defendant and the codefendants were going to commit a robbery that night, but refused to participate in it. He later witnessed, from a distance, the codefendant Darryl Morgan set the stolen van on fire, allegedly to dispose of evidence.

After a hearing, the trial court ruled that the People had proved by clear and convincing evidence that the defendant had been responsible for the witness Darryl Lomax's absence from the trial and granted the People's motion to introduce Lomax's Grand Jury testimony on the People's direct case. The defendant contends that the People did not meet their burden of proof at the hearing. We disagree. At least one witness testified that the defendant had threatened Lomax to force him not to testify. Further, a police officer testified that Lomax told him that he, Lomax, was afraid of testifying against the defendant because the defendant had on a previous occasion put out a contract on a witness who had testified against him and because the defendant shoots people. Another

witness, the codefendant Jackie Morgan, testified at the hearing that while in the courthouse holding pens, the defendant told him that Lomax would not testify because he, the defendant, told Lomax not to testify. That evidence constituted clear and convincing proof that the defendant's misconduct caused Lomax's nonappearance at the trial *(see, Matter of Holtzman v Hellenbrand,* 92 AD2d 405). Further, Lomax's Grand Jury testimony had sufficient indicia of reliability to permit its admission at the trial *(see, United States v Thevis,* 665 F2d 616, 633, *cert denied* 459 US 825; *People v Sweeper,* 122 Misc 2d 386, 394).

The defendant contends that the trial court erred when it refused to charge that the jury could consider the issue of whether Darryl Lomax was an accomplice as a matter of fact. There was no evidence presented at the trial that Darryl Lomax "may reasonably be considered to have participated in: (a) The offense charged; or (b) An offense based upon the same or some of the same facts or conduct which constitute the offense charged" (CPL 60.22 [2]). Therefore, the trial court did not err in refusing to submit to the jury the issue of whether Lomax was an accomplice *(see, People v Holmes,* 150 AD2d 491).

We have reviewed the defendant's remaining contentions and find them to be either without merit or to involve harmless errors *(see, People v Crimmins,* 36 NY2d 230). Mangano, P. J., Harwood, Eiber and O'Brien, JJ., concur.