■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SAMMY GERACI, Appellant. [607 NYS2d 116] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Egitto, J.), rendered April 23, 1992, convicting him of manslaughter in the first degree and assault in the first degree (two counts), upon a jury verdict, and imposing sentence. This appeal brings up for review an order of the same court dated May 27, 1992, which, after a hearing, granted the People's motion to use the Grand Jury testimony of Peter Terranova as direct evidence.

Ordered that the judgment is affirmed.

Peter Terranova testified before a Grand Jury that on April 20, 1990, he witnessed the defendant fatally stab one victim and then wound a second victim at a nightclub in Brooklyn. Prior to trial, however, Terranova recanted his prior Grand Jury testimony incriminating the defendant.

The hearing court properly ruled, following a hearing, that the People had proved by clear and convincing evidence that the defendant had been responsible for Terranova's recanta-

tion, which resulted in that witness's "practical unavailability" *(People v Carpenito,* 171 AD2d 45, 54, *affd* 80 NY2d 65). Therefore, the trial court properly granted the People's motion to introduce into evidence Terranova's Grand Jury testimony on the People's direct case.

There is ample support in the record for the hearing court's conclusion regarding Terranova's "practical unavailablity" to testify at trial. Specifically, the hearing court properly rejected Terranova's claim that he only refused to testify concerning his observations of the stabbings because he feared a perjury charge in connection with his Grand Jury testimony *(see, People v Pappalardo,* 152 Misc 2d 364). Among other evidence supporting the hearing court's findings, Terranova admitted to the police that he was "cooperating" with people who knew who he was and who had shown him his "testimony", and that nothing was going to happen to him as long as he did not testify at trial. Terranova further admitted that those same people were providing him with funds in order for him to remain outside the jurisdiction until the trial was over.

There was sufficient evidence to sustain a finding that the defendant or someone on his behalf had coerced Terranova not to testify truthfully at trial *(see generally, People v Hamilton,* 127 AD2d 691, *affd* 70 NY2d 987; *Matter of Holtzman v Hellenbrand,* 92 AD2d 405). The hearing record established that the defendant had initiated contact with Terranova, saying to him, "You were there that night; I want you to come down to my lawyer's with me". Terranova also told the police that a friend of his had spoken to the defendant's uncle about providing him with funds if he remained outside the jurisdiction. Contrary to the defendant's contentions, the People were only required to prove by "clear and convincing evidence" that the defendant was involved in procuring the witness's unavailability *(see, People v Deegan,* 69 NY2d 976; *United States v Thevis,* 665 F2d 616, 630-631, *cert denied* 459 US 825).

We have reviewed the defendant's remaining contentions and find them to be without merit. Miller, J. P., O'Brien, Ritter and Krausman, JJ., concur.