■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NICK TUZZIO, Appellant. [608 NYS2d 226] —Appeal by the defendant from a judgment of the Supreme Court, Kings County

(Moskowitz, J.), rendered March 6, 1991, convicting him of criminal possession of a weapon in the second degree, grand larceny in the second degree, attempted grand larceny in the second degree (two counts), and aggravated harassment in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's conviction stems from an incident in which he threatened to kill the complainant in order to retrieve certain jewelry and money that belonged to his brother. The defendant's brother had been married to the complainant and was killed shortly before the incident.

After a hearing, the trial court ruled that the People had proven by clear and convincing evidence that the defendant had been responsible for the complainant's absence from the trial and granted the People's motion to introduce her Grand Jury testimony on the People's direct case. The defendant contends that the People did not meet their burden of proof at the hearing. We disagree. The People's witness testified that the complainant was reluctant to testify because she was afraid of the defendant and his family. The complainant was upset and frightened after the defendant called her from jail and there were at least five orders of protection issued against the defendant. The complainant also told the witness that the defendant followed her in his car and parked in front of her house. Moreover, the complainant had left New York State, would not reveal her whereabouts, and indicated that she would not testify at the trial under any circumstances. Under these circumstances, we find that the evidence was sufficient to establish that the defendant's misconduct caused the complainant's failure to appear at the trial (see, People v Small, 177 AD2d 669; Matter of Holtzman v Hellenbrand, 92 AD2d 405). Further, the complainant's Grand Jury testimony had sufficient indicia of reliability to permit its admission at the trial (see, People v Small, supra).

The defendant's contention that he was deprived of the effective assistance of counsel is without merit. The mere fact that a defense was unsuccessful does not establish that the defendant was deprived of the effective assistance of counsel and it is " 'not for [the] court to second-guess whether a course chosen by the defendant's counsel was the best trial strategy, or even a good one, so long as defendant was afforded meaningful representation' " (People v Hinton, 140 AD2d 712, quoting People v Satterfield, 66 NY2d 796, 799-800). The defense counsel's efforts, as a whole, afforded the defendant

"meaningful representation" *(see, People v Baldi,* 54 NY2d 137, 147; *People v Campbell,* 162 AD2d 606).

The sentence imposed was not excessive *(see, People v Suitte,* 90 AD2d 80).

We have reviewed the defendant's remaining contentions and find them to be without merit. Mangano, P. J., Rosenblatt, Copertino and Hart, JJ., concur.