OPINION OF THE COURT
David Stadtmauer, J.
The People move, pursuant to CPL 670.10, for permission to use the transcribed testimony of the complaining witness, previously given at defendant’s preliminary parole revocation *95 hearing, as evidence-in-chief at the instant criminal trial for rape and sodomy. The 19-year-old complaining witness is now deceased and there is no evidence against the defendant (who was the witness’s stepfather) other than the previous testimony.
The use of prior testimony of a now unavailable witness as evidence-in-chief in a criminal proceeding (including the nature of such testimony and the circumstances under which this testimony is admissible) is governed by CPL article 670. Pursuant to CPL 670.10 (1), said testimony consists of "testimony given by a witness at (a) a trial of an accusatory instrument, or (b) a hearing upon a felony complaint conducted pursuant to [CPL] section 180.60, or (c) an examination of such witness conditionally, conducted pursuant to [CPL] article six hundred sixty”. In the case at bar, it is clear that a preliminary parole revocation hearing, conducted before an Administrative Law Judge pursuant to the Executive Law, does not fall within the three categories of admissible evidence set forth in CPL 670.10 (1). The People, nevertheless, take the position that even though such a proceeding is not specifically mentioned, this court should recognize the similarity of the parole proceeding to a hearing upon a felony complaint conducted pursuant to CPL 180.60 (CPL 670.10 [1] [b]).
The People contend that the parole testimony of the witness was made under oath, that the defendant was represented by counsel at the parole hearing, that the defendant had a full and fair opportunity to cross-examine at that hearing, and that the earlier proceeding was the functional equivalent of a hearing before a judicial tribunal. Furthermore, the People urge that all of the parties are essentially the same (although the District Attorney did not appear at the preliminary parole hearing), that the subject matter of the revocation hearing concerned the same issue that would have been litigated at defendant’s criminal trial (the allegedly forcible rape and sodomy of the witness on December 14, 1993), and that the parole testimony is virtually identical to that which would have been given at the trial of this indictment.
The People’s argument is compelling but unavailing. In People v Green (78 NY2d 1029, 1030 [1991]), the Court of Appeals, in denying the trial admissibility of previously given Grand Jury testimony, held that "the statute’s 'three carefully worded and enumerated exceptions’ are exclusive”. Of course, it is true that Green dealt with testimony before a Grand Jury rather than at a parole revocation hearing and that those two *96 proceedings are distinguishable since Grand Jury proceedings do not involve cross-examination of a witness by the defense. The Court of Appeals, however, did not look to whether the testimony was subjected to the test of cross-examination in determining the issue of admissibility. Rather, the decision to exclude the prior testimony was based on the fact that the Grand Jury proceeding was not one of the "three carefully worded and enumerated exceptions” (supra) and because of undue prejudice to the defendant. (See, also, People v Peterson, 160 AD2d 563, 564 [1st Dept 1990].) It is therefore unclear, in view of the appellate recognition of exclusivity, under what circumstances a preliminary parole revocation hearing (even if similar in form or content to a criminal trial or a hearing upon a felony complaint) may be included under an expansive reading of the statute.
Despite the unequivocal language of Green (supra), subsequently decided appellate cases suggest that Grand Jury minutes may be used as direct evidence in a criminal trial where the witness’s unavailability is attributable to the defendant’s own misconduct or the misconduct of others acting on behalf of or at the behest of the defendant (People v Tuzzio, 201 AD2d 595 [2d Dept 1994]; People v Geraci, 200 AD2d 758 [2d Dept 1994];* see also, e.g., People v Carpenito, 80 NY2d 65, 68-69, affg 171 AD2d 45 [1992] [dealing with the testimony of a confidential informant at a Darden hearing]). In this case, however, it appears that the 19-year-old witness was murdered not by the defendant, but by a former boyfriend as a result of an unrelated incident. There is no indication, nor do the People claim, that the witness’s death was directly or indirectly caused by the defendant in this case.
The court also notes that CPL 670.10 "does not, by its terms or by fair import, authorize the use of testimony previously recorded at civil administrative hearings” (People v Harding, 37 NY2d 130, 133 [1975]). Although parole revocation hearings may at times deal with underlying matters which are also of a criminal nature, the parole hearings are unquestionably administrative in form and substance, governed by the Executive Law rather than the provisions of the CPL and the Penal Law.
In Harding (supra) and People v Ayala (75 NY2d 422 [1990]), as well as in Green (supra, at 1030), the Court of Appeals *97 recognized that the introduction of certain nonauthorized prior testimony at trial may, nevertheless, be subject to harmless error analysis. While this court is not suggesting that harmless error thus becomes de facto acceptable, it should be noted that in this case at least (where there is no evidence that can be introduced — as to the perpetration of the crimes or the allegedly forcible nature of the crimes — except through the prior testimony of the deceased witness), the parole testimony would certainly not be harmlessly cumulative and the effect of its introduction could not be other than unduly prejudicial.
In view of the foregoing, the People’s motion is denied.

 On March 28, 1995, lVz months after this decision in People v Velez, People v Geraci was affirmed by the Court of Appeals (85 NY2d 359).