■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT NEILSSEN, Appellant. [730 NYS2d 869] —Appeal by the defendant from a judgment of the County Court, Suffolk County (Weissman, J.), rendered July 20, 1998, convicting him of sexual abuse in the first degree (six counts), sexual abuse in the second degree (three counts), sexual abuse in the third degree, sodomy in the first degree (five counts), sodomy in the second degree (two counts), sodomy in the third degree (three counts), use of a child in a sexual performance (four counts), unlawful imprisonment in the second degree (two counts), rape in the third degree, and endangering the welfare of a child, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's knowing, voluntary, and intelligent waiver of his right to appeal encompasses the double jeopardy claim he raises on appeal (*see, People v Muniz,* 91 NY2d 570). Altman, J. P., Goldstein, McGinity and Cozier, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GEORGE OGE, Appellant. [730 NYS2d 869] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Silverman, J.), rendered April 17, 1998, convicting him of assault in the first degree and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, the cumulative evidence presented at the *Sirois* hearing (*see, Matter of Holtzman v Hellenbrand,* 92 AD2d 405), and the inferences that logically flow therefrom were sufficient to support the Supreme Court's determination, under the clear and convincing evidence standard, that the defendant's misconduct caused the complainant's unavailability to testify at trial (*see, People v Geraci,* 85 NY2d 359, 370; *cf., People v Hamilton,* 70 NY2d 987). Accordingly, the Supreme Court properly allowed the use of the complainant's Grand Jury testimony as part of its direct case. Furthermore, the complainant's Grand Jury testimony had sufficient indicia of reliability to permit its admission at the trial (*see, People v Cotto,* 92 NY2d 68, 78; *People v Tuzzio,* 201 AD2d 595; *People v Small,* 177 AD2d 669).

The sentence imposed was not excessive (*see, People v Suitte,* 90 AD2d 80). O'Brien, J. P., Luciano, Smith and Crane, JJ., concur.