■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILSON MAYO, Appellant. [749 NYS2d 903] —Application by the appellant for a writ of error coram nobis to vacate, on the ground of ineffective assistance of appellate counsel, a decision and order of this Court dated November 20, 2000 (*People v Mayo,* 277 AD2d 397), affirming a judgment of the County Court, Westchester County, rendered December 2, 1998.

Ordered that the application is denied.

The appellant has failed to establish that he was denied the effective assistance of appellate counsel (*see Jones v Barnes,* 463 US 745). Feuerstein, J.P., Goldstein, McGinity and Luciano, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FRANK McCLARIN, Appellant. [749 NYS2d 884] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Barbaro, J.), rendered February 14, 2000, convicting him of robbery in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, the evidence presented at the *Sirois* hearing (*see Matter of Holtzman v Hellenbrand,* 92 AD2d 405, 415) was sufficient to support the Supreme Court's determination, under the clear and convincing evidence standard, that the defendant's misconduct caused the complainant to alter his trial testimony (*see People v Cotto,* 92 NY2d 68; *People v Geraci,* 85 NY2d 359, 370; *cf. People v Hamilton,* 70 NY2d 987; *People v Oge,* 287 AD2d 469). Accordingly, the Supreme Court properly allowed the prosecution to use the complainant's grand jury testimony as part of its direct case.

The defendant's remaining contentions are either unpreserved for appellate review or without merit. Smith, J.P., Friedmann, H. Miller and Cozier, JJ., concur.