■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY A. LEWIS, Appellant. (Appeal No. 1.) [758 NYS2d 725] —Appeal from a judgment of Steuben County Court (Furfure, J.), entered March 27, 2000, convicting defendant after a jury trial of criminal possession of a controlled substance in the fourth degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is affirmed.

Memorandum: Defendant appeals from two judgments entered following a jury trial on two consolidated indictments, one convicting him of criminal possession of a controlled substance in the fourth degree (Penal Law § 220.09 [1]), and the other convicting him of criminal sale of a controlled substance in the third degree (§ 220.39 [1]) and two counts of criminal possession of a controlled substance in the third degree (§ 220.16 [1]). Contrary to defendant's contention, County Court properly ruled admissible, following a *Sirois* hearing (*see Matter of Holtzman v Hellenbrand*, 92 AD2d 405 [1983]), the sworn statement of a witness who was found to have been intimidated from testifying by threats made or caused to be made by defendant. The evidence at the hearing established that the witness had received a telephone call threatening his family if he testified to the contents of a statement that he previously had given to the police, i.e., that he had purchased cocaine from defendant a few hours before the execution of a search warrant. A copy of the statement had been furnished to defense counsel approximately one hour

before the witness received the threatening telephone call. Although defendant, who was free on bail, denied making any such telephone call or causing one to be made, he admitted that his attorney had informed him of the witness's statement. According due deference to the hearing court's assessment of credibility (*see People v Prochilo*, 41 NY2d 759, 761-762 [1977]), we conclude that the court's determination that defendant had caused the unavailability of the witness is supported by clear and convincing evidence (*see People v Geraci*, 85 NY2d 359, 367 [1995]). Thus, the court properly determined that defendant was precluded from asserting "the constitutional right of confrontation or the evidentiary rules against the admission of hearsay in order to prevent the admission of the witness's out-of-court declarations" (*id.* at 366). Further, "[b]ecause of 'the inherently surreptitious nature of witness tampering[,]' [the court properly allowed] circumstantial evidence [to] be used to 'establish, in whole or in part, that * * * [the] witness's unavailability was procured by the defendant'" (*People v Cotto*, 92 NY2d 68, 76 [1998], quoting *Geraci*, 85 NY2d at 369). Here, as in *Cotto*, "there was well-established motive, opportunity, [and] timing * * * to link defendant to the threats. Requiring specific identification in situations invariably involving surreptitious conduct permits easy evasion of the principle, and sound public policy, that defendants should neither interfere with witnesses nor benefit from such wrongful conduct" (*id.* at 77 n 1).

We also reject the contention of defendant that he was denied effective assistance of counsel (*see generally People v Benevento*, 91 NY2d 708, 712-714 [1998]; *People v Baldi*, 54 NY2d 137, 147 [1981]). In particular, defendant was not denied effective assistance of counsel when, during the *Sirois* hearing, defense counsel was placed under oath and responded in the negative to the single question whether he had told anyone other than defendant about the subject witness's statement. Here, unlike in *People v Stephens* (291 AD2d 841 [2002]), relied on by defendant, the undisputed testimony of defense counsel did not create a conflict between defendant and defense counsel. Further, "the mere fact that counsel was called to testify does not without more establish a material interference with his effective conduct of the defense," particularly "[g]iven the limited time and nature of his testimony" (*United States v Hall*, 346 F2d 875, 882 [1965], *cert denied* 382 US 910 [1965]; *see United States v Martinez*, 151 F3d 384, 393 [1998], *cert denied* 525 US 1031, 1085 [1998]; *see also People v Brown*, 216 AD2d 670, 673 [1995], *lv denied* 86 NY2d 791 [1995]; *cf. People v Berroa*, 99 NY2d 134, 138-143 [2002]).

Although the court erred in permitting a police officer to testify to his opinion that defendant was "in charge" during the course of an undercover drug buy because such testimony "usurp[ed] the jury's fact-finding function" (*People v Wright*, 283 AD2d 712, 713 [2001], *lv denied* 96 NY2d 926 [2001]), the error is harmless (*see id.* at 714; *see generally People v Crimmins*, 36 NY2d 230, 241-242 [1975]).

We have reviewed defendant's remaining contentions and conclude that they are without merit.

All concur except Gorski and Lawton, JJ., who dissent and vote to reverse in accordance with the following memorandum.

Gorski and Lawton, JJ. (dissenting). We respectfully dissent. We would reverse the judgment in each appeal and grant a new trial because we agree with defendant that his Sixth Amendment right of confrontation was violated when the sworn statement of a witness against him was admitted in evidence at trial without the requisite showing by the People that the witness was unavailable to testify based on defendant's misconduct (*see People v Geraci*, 85 NY2d 359, 366-369 [1995]; *People v Hamilton*, 70 NY2d 987, 987-988 [1988]; *People v Major*, 251 AD2d 999, 999-1000 [1998], *lv denied* 92 NY2d 927 [1998]; *Matter of Holtzman v Hellenbrand*, 92 AD2d 405, 415 [1983]). In his sworn statement to the police, the witness at issue stated that he had purchased crack cocaine from defendant. He further stated that, upon returning later that same evening to purchase more crack cocaine from defendant, the police were then in the process of arresting defendant, and they arrested the witness for loitering.

County Court conducted a *Sirois* hearing (*see Holtzman,* 92 AD2d 405 [1983]) to determine whether defendant had forfeited his right of confrontation with respect to that witness. A police officer testified that the witness told him that, on the day before he was to testify, he received a telephone call from an unidentified male who threatened the witness and his family in the event that he testified at trial. The witness did not testify at the hearing, either in person or via telephone conference. Defendant denied having made the telephone call, and no telephone records were produced at the *Sirois* hearing to establish that the telephone call was in fact made or from where it was made. In our view, the People failed to meet their considerable burden of establishing by clear and convincing evidence (*Geraci*, 85 NY2d at 367) that defendant "procured the witness's unavailability by violence, threats or chicanery" (*id.* at 365). Here, the People presented no evidence beyond mere suspicion that defendant or someone acting on his behalf had

tampered with the witness, and thus the requisite link between defendant's misconduct and the witness's unavailability to testify was not established by clear and convincing evidence (*see Hamilton,* 70 NY2d at 988).

We further conclude that reversal is required on the additional ground that defendant was denied effective assistance of counsel, inasmuch as defense counsel was compelled by the court to testify against defendant at the *Sirois* hearing, and he testified that, prior to the time that the witness received the alleged telephone call from the unidentified male, he had informed defendant of the identity of that witness. "A defendant is denied effective assistance of counsel when his attorney, 'either voluntarily or at the court's urging, [becomes] a witness against him'" (*People v Chrysler,* 233 AD2d 928, 928 [1996]; *see People v Stephens,* 291 AD2d 841, 841-842 [2002]). Moreover, "the court erred in determining [that the statement was admissible] 'without first assigning a different attorney to represent defendant'" (*Stephens,* 291 AD2d at 841). We further note that, although the prosecutor was not sworn as a witness at the *Sirois* hearing, he informed the court that he too had spoken with the witness, and he confirmed the substance of police testimony concerning the information given to the police by the witness. In effect, the prosecutor also became a witness at the *Sirois* hearing, and his credibility was an issue for the court as well. He therefore should have been disqualified from trying the case, pursuant to the advocate-witness rule, and defense counsel should have made a motion seeking that disqualification (*see People v Paperno,* 54 NY2d 294, 299-300 [1981]). Present—Hurlbutt, J.P., Kehoe, Gorski, Lawton and Hayes, JJ.