■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FELICIA FIELD, Appellant. [764 NYS2d 839] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (J. Goldberg, J.), rendered September 20, 2001, convicting her of murder in the second degree, attempted robbery in the first

degree, criminal possession of a weapon in the second degree, and criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that the trial court's instruction improperly referred to her right to remain silent is unpreserved for appellate review (*see People v Autry,* 75 NY2d 836, 839 [1990]). In any event, this contention is without merit. The trial court's instruction was an appropriate response to the defendant's attempt to influence the jury during deliberations. "The court's strong language conveyed to the jury the importance of the principle that defendant's unsworn, self-serving factual statements were not evidence, and the court did not display bias or express any opinion on the merits of the case" (*People v Gonzalez,* 277 AD2d 82 [2000]).

The defendant's contention that she was deprived of the effective assistance of counsel is without merit. "What constitutes effective assistance is not and cannot be fixed with yardstick precision, but varies according to the unique circumstances of each representation" (*People v Baldi,* 54 NY2d 137, 146 [1981]). The defense counsel presented a reasoned theory of defense, effectively cross-examined the People's witnesses, and delivered cogent opening and closing statements (*see People v Mejias,* 278 AD2d 249, 250 [2000]). Therefore, the defendant was provided with meaningful representation (*see People v Baldi, supra*).

Contrary to the defendant's contention, the evidence presented at the *Sirois* hearing (*see Matter of Holtzman v Hellenbrand,* 92 AD2d 405 [1983]), and the inferences that logically flow therefrom were sufficient to support the Supreme Court's determination, under the clear and convincing evidence standard, that the defendant engaged in conduct and acquiesced in the conduct of others on her behalf that caused her stepsister's unavailability to testify at trial (*see People v Oge,* 287 AD2d 469 [2001]).

The sentence imposed was not excessive (*see People v Suitte,* 90 AD2d 80 [1982]). Ritter, J.P., Feuerstein, H. Miller and Adams, JJ., concur.