OPINION OF THE COURT
 

 Rosenblatt, J.
 

 On this appeal, we reverse defendant’s conviction because his attorney testified against him at a
 
 Sirois
 
 hearing
 
 (see Matter of Holtzman v Hellenbrand [Sirois],
 
 92 AD2d 405, 415 [2d Dept 1983]).
 

 I.
 

 Defendant was indicted for possessing and selling controlled substances. The charges were based, in part, on the seizure of drugs and paraphernalia pursuant to a search warrant covering defendant’s premises. In addition to the seized evidence, the People planned to introduce testimony from a witness who had bought cocaine from defendant and returned to the premises when the police executed the warrant. The witness signed a statement to that effect.
 

 Shortly after jury selection, the prosecution furnished the defense with a copy of the statement. Within an hour, the witness received a threatening telephone call. The following day, the witness contacted the police and reported that he had been threatened and would not testify. The prosecution brought this to the attention of the court, asserting that defendant was out on bail and behind the threats. The People argued that by threatening the witness, defendant had forfeited his right of confrontation
 
 (see People v Cotto, 92
 
 NY2d 68, 76 [1998];
 
 People v Geraci, 85
 
 NY2d 359, 366 [1995]) and that the witness’s statement should therefore be revealed to the jury. In response,
 
 *227
 
 defendant’s attorney denied that his client was involved in any witness intimidation. He said he had shared the statement with defendant because he wanted defendant to know of it, but that defendant responded indifferently, dismissing the statement as too recent and unreliable to be of any concern.
 

 To test the People’s claim, the court began a
 
 Sirois
 
 hearing. The prosecutor called a State Police investigator, who testified that he spoke with the witness. The witness told the investigator that he received a call from an unknown male, telling him he had better not testify, adding that he knew where the witness and his family lived. The threat served its purpose; the witness said he would rather go to jail than testify. With that, the prosecution rested. Defendant then took the stand and acknowledged that his attorney had shown him the statement. He denied, however, conveying or arranging for any threats to the witness. He said he told only one person, “[m]y friend Dale over there,” about the witness’s statement, but did not reveal who the witness was (implying that Dale could not have made the threat because he would not know whom to threaten). Defendant added that the statement was “bogus” and did not worry him.
 

 Both sides told the court they had no other witnesses. The prosecutor then asked to call defendant’s attorney to the stand. Counsel did not object, nor did the court suggest that there was anything improper about the People calling defendant’s attorney as a witness against defendant. The prosecutor asked defendant’s attorney: “Did you tell anybody other than [defendant] about this statement, that is the, either the identity of the declarant or the substance of the statement?” Defendant’s attorney answered no. With that testimony, the prosecution sought to enhance the circumstantial proof against defendant by showing that only defendant was aware of the statement (his attorney testified he told no one else) and therefore was obviously the author of the threats. The prosecutor pointed out that no one other than defendant and his friend knew of the statement and only defendant had something to gain by either delivering or arranging for the threat. The court agreed, placed the blame for the threats at defendant’s doorstep and ruled the witness’s statement admissible.
 

 After a jury found defendant guilty, a divided Appellate Division affirmed defendant’s conviction (305 AD2d 993 [2003]). A dissenting Justice of that Court granted leave to appeal. Defendant challenges his conviction on several grounds. He asserts
 
 *228
 
 that the search warrant was not based on probable cause and that it was executed improperly. He also contends that the proof at the
 
 Sirois
 
 hearing was insufficient as a matter of law for the trial court to have concluded that defendant was responsible for the threat. While we reject these contentions, we agree with defendant, and with the Appellate Division dissenters, that because he was denied effective assistance of counsel, his conviction must be reversed, requiring a new trial.
 

 II.
 

 In reaching this result, we need look no further than
 
 People v Berroa
 
 (99 NY2d 134 [2002]). There, two defense witnesses testified that the defendant was in Philadelphia when the crime was committed. The prosecutor objected because the defense had not served an alibi notice. In response, the defendant’s attorney stated that the alibi testimony came as a surprise to her as well. Perceiving a problem, the court and the parties discussed the undesirable possibility of the defendant’s attorney being called as a witness to refute the alibi. Confronted with the dilemma, the defendant’s attorney stipulated, before the jury, that when she spoke with the witnesses, neither said anything about the defendant’s having been in Philadelphia at the time of the crime. In reversing the defendant’s conviction, we held that he was denied effective assistance of counsel. The stipulation, we determined, converted the defendant’s attorney into a defense witness who undermined the defendant’s other witnesses.
 

 Here, in effect, much the same happened. Instead of stipulating, defendant’s attorney testified adversely to his client and thereby transformed himself from defendant’s advocate into his adversary. Because defense counsel’s testimony was in conflict with defendant’s position, defendant was denied effective representation. As we pointed out in
 
 Berroa,
 
 attorneys should withdraw when called to testify against their client on a significant issue.
 
 [1]
 
 When the prosecution expressed its intention to call defendant’s lawyer as a witness, the lawyer should have objected
 
 *229
 

 [2]
 
 —or the court itself should have interceded—and raised the potential conflict.
 

 As we stated in
 
 Berroa,
 
 “when a lawyer is called to testify against the client’s interest the conflict is obvious” (99 NY2d at 140). Here, had the court or the defense attorney pointed out the potential conflict, the prosecutor would have disclosed that he wanted testimony from defendant’s attorney to close the circumstantial loop and prove that only defendant knew of the statement and the identity of the witness. Because counsel’s testimony, however, went unprotested, the prosecutor was able to make his point and, with the help of defense counsel, prevail at the
 
 Sirois
 
 hearing. Our dissenting colleagues agree that the prosecution should not have been permitted to call defendant’s attorney as a witness at the
 
 Sirois
 
 hearing but would, at most, order a new
 
 Sirois
 
 hearing. In our view, a new trial is also required because defense counsel crossed the line when, without protest, he gave testimony against his client. True, the testimony was an addendum to the informal remarks he made earlier, but by testifying, he became a witness for the prosecution. We agree with the dissenters that the testimony was neither earth-shattering nor insignificant (dissenting op at 231). That being so, it is inapt for us to weigh the importance of the testimony and draw fine distinctions as to where on the spectrum of harm it falls. If, as we all agree, the attorney’s testimony had at least some significance, it was enough to rupture the attorney-client relationship not only for the
 
 Sirois
 
 hearing but for the balance of the trial itself. Accordingly, the order of the Appellate Division should be reversed and a new trial ordered.
 

 R.S. Smith, J. (dissenting). I agree that the prosecutor should not have been permitted to call defense counsel as a witness at the
 
 Sirois
 
 hearing. I do not agree, however, that the error deprived defendant of the effective assistance of counsel at the
 
 Sirois
 
 hearing. And even if it did, I see no basis for requiring a new trial, as opposed to a new
 
 Sirois
 
 hearing. I therefore dissent.
 

 The majority opinion states the facts fairly, but I will reemphasize some of them, because I think it is important to understand that Supreme Court, and both counsel, were dealing
 
 *230
 
 with an issue of great importance and urgency; and that facts within the knowledge of defense counsel were relevant to that issue. The prosecution claimed that defendant had threatened physical violence against a witness and the witness’s family—a charge which, if true, called for swift action to protect the integrity of the trial. The prosecutor sought not only the admission into evidence of the witness’s written statement, but defendant’s immediate incarceration. Supreme Court was obviously correct in proceeding at once to a hearing to decide the truth or falsity of the charge. This was not a matter that would wait.
 

 No one suggested that defense counsel had any culpable involvement in the alleged threat to the witness, but it was alleged that the threat followed within an hour and a half after the prosecution gave defense counsel the witness’s name. The prosecutor said: “I believed I noticed [defense counsel] and Mr. Lewis in one of the conference rooms. . . . It is my belief that [defense counsel] would have talked to his client about. . . [the witness’s] statement. . . . [0]ther than [defense counsel] and Mr. Lewis, to my knowledge, no one else other than [the witness] knew about this statement.”
 
 [1]
 
 The inference the prosecutor asked the court to draw was that defense counsel had given the information to the client and the client had misused it. An inquiry into the prosecutor’s allegation had to touch on facts within defense counsel’s personal knowledge.
 

 Defense counsel did not have to say anything about his communications with his client, of course; but he decided to disclose the facts as he knew them. He made an informal and unsworn representation in open court, without any objection from the prosecutor, to the effect that he had told his client about the witness and that the client had been completely unperturbed. On this basis, he argued that there was no reason to believe his client was the source of the threat. This was not an overwhelmingly persuasive argument, but I do not think defense counsel can be criticized—and the majority does not criticize him—for making the argument, or for making the factual disclosure on
 
 *231
 
 which it was based. Counsel was doing his best, under difficult circumstances, to present his client to the court as an innocent man with nothing to hide.
 

 The
 
 Sirois
 
 hearing then proceeded. A police officer described the witness’s report of a threat, and defense counsel called defendant, whose testimony was consistent with the representations made earlier by defense counsel. Defendant also testified that he had nothing to do with any threat. The prosecutor then called defense counsel and asked him a single question— whether he had told anyone other than defendant about the identity of the witness or the substance of the witness’s statement. Defense counsel answered no.
 

 Since neither defense counsel nor the court questioned the calling of defense counsel as a witness, the record does not show the prosecutor’s grounds for seeking this departure from normal procedure. It is possible to construct an argument for what was done, however: since defense counsel had already made factual representations favorable to his client’s cause, it was arguably unfair to let him withhold a less favorable fact; the question the prosecutor asked was relevant, and did not invade the attorney-client privilege; defense counsel’s testimony took place outside the presence of the jury; and it was extremely brief.
 

 The majority implicitly holds, and I agree, that this argument should not prevail. Code of Professional Responsibility DR 5-102 (d) (22 NYCRR 1200.21 [d]) provides:
 

 “If after undertaking employment in contemplated or pending litigation, a lawyer learns or it is obvious that the lawyer or a lawyer in his or her firm may be called as a witness on a significant issue other than on behalf of the client, the lawyer may continue the representation until it is apparent that the testimony is or may be prejudicial to the client at which point the lawyer and the firm must withdraw acting as an advocate before the tribunal.”
 

 The rule appears to say that an attorney must
 
 always
 
 withdraw as soon as it is apparent that he must give testimony on a significant issue that is prejudicial to his client. The testimony here was not earth-shattering, but it cannot be called insignificant, and such impact as it had was prejudicial to counsel’s client. Withdrawal was an undesirable solution: it would have caused delay, both in the resolution of the witness-intimidation issue and in the trial itself, and it would have com
 
 *232
 
 pelled appellant to proceed with a lawyer who arrived on the scene in midtrial. The appropriate course here was to get along without the attorney’s testimony if possible—and it was possible. The single word of testimony the attorney gave was relevant, but it was not vital to a resolution of the witness-intimidation issue.
 
 [2]
 

 For this reason, it is my view that defense counsel should have objected when the prosecutor sought to call him as a witness, and Supreme Court should have sustained the objection. But no objection was made, and therefore no error is preserved for our review unless, as the majority holds, the error deprived defendant of his constitutional right to the effective assistance of counsel—a deprivation which is not, for obvious reasons, subject to the rule that it is waived when counsel does not object.
 
 (See People v Jones,
 
 55 NY2d 771, 773 [1981].)
 

 What occurred here does not come close to “ineffective assistance” in the ordinary sense. Ordinarily, ineffective assistance occurs only where counsel has not provided “meaningful representation.” (Peo
 
 ple v Hobot,
 
 84 NY2d 1021, 1022 [1995];
 
 People v Baldi,
 
 54 NY2d 137, 147 [1981].) Even where counsel is subject to a conflict of interest, prejudice—a necessary ingredient of ineffective assistance—“is presumed only if the defendant demonstrates that counsel ‘actively represented conflicting interests’ and that ‘an actual conflict of interest adversely affected his lawyer’s performance.’ ”
 
 (Strickland v Washington,
 
 466 US 668, 692 [1984] [quoting
 
 Cuyler v Sullivan,
 
 446 US 335, 350 (1980)].)
 

 The majority does not suggest that these tests are met here, but relies entirely on
 
 People v Berroa
 
 (99 NY2d 134 [2002]). The majority apparently reads
 
 Berroa
 
 as creating a per se rule that, wherever a defendant’s attorney is the source of facts adverse to his or her client, the client has been deprived of effective assistance. The majority reads
 
 Berroa
 
 too broadly.
 

 The error in
 
 Berroa
 
 was much more serious than the error here, for two reasons: (1) in
 
 Berroa,
 
 the attorney became, in ef
 
 *233
 
 feet, a witness before the jury on an issue touching her client’s guilt or innocence; and (2) in
 
 Berroa
 
 the only facts the attorney provided were adverse to her client. Here, at a hearing outside the presence of the jury on a collateral issue, defense counsel was permitted to make factual representations in support of his client’s cause, and then was required to answer a single question which served to place his representations in context. There was, as I have pointed out above, a legitimate argument that could have been made for requiring defense counsel to testify. Under these circumstances, I do not find that requiring him to testify was so gross a deviation from acceptable practice as to render his assistance to his client at the
 
 Sirois
 
 hearing “ineffective.”
 

 But even if the majority is correct on that issue, I see no basis for holding that the “ineffective assistance” that the majority finds tainted not only the
 
 Sirois
 
 hearing, but the whole trial. The testimony defense counsel gave was out of the jury’s presence and had nothing to do with any issue the jury considered. The jury presumably never knew that defense counsel had taken the stand. I find nothing in the record to suggest that defense counsel became a less effective advocate after his testimony. He presented a competent, aggressive defense throughout the trial.
 

 I can only surmise that the majority believes that counsel became ineffective at trial because it thinks the relationship between counsel and his client was irretrievably damaged when counsel became a witness. Since there is no evidence in the record of any damage to the relationship, and since the majority does not direct a hearing on the issue, the majority seems to be creating another per se rule—that no attorney-client relationship can survive an attorney’s testimony against his client, no matter how brief and no matter what the circumstances.
 

 I see no justification for such a rule, which reflects a tenderness toward the attorney-client relationship quite at odds with the approach taken in a number of other cases. This Court has held that the relationship may survive where a defendant’s attorney informs the court that defendant perjured himself
 
 (People v DePallo,
 
 96 NY2d 437 [2001]); where an attorney, seeking to support an insanity defense, testifies that his client has confessed to prior murders
 
 (People v Baldi,
 
 54 NY2d 137 [1981]); where defendant’s attorney had previously represented the chief prosecution witness
 
 (People v Lombardo,
 
 61 NY2d 97 [1984]); and where the attorney had simultaneously represented an informer who turned out to be providing information about the
 
 *234
 
 defendant
 
 (People v Harris,
 
 99 NY2d 202 [2002]). It seems plain to me that the impairment of the attorney-client relationship here did not exceed, or even equal, the impairment in the cases I have just cited, and therefore I do not see any reason why defense counsel in this case could not continue to represent appellant at the trial.
 

 In sum, I conclude that appellant was not deprived of effective assistance of counsel. Since I believe that the evidence of his involvement in the threat to the witness was sufficient under the applicable legal standard and that his other claims of error are insubstantial, I dissent from the reversal of his conviction.
 

 Chief Judge Kaye and Judges G.B. Smith, Ciparick and Graffeo concur with Judge Rosenblatt; Judge R.S. Smith dissents in a separate opinion in which Judge Read concurs.
 

 Order reversed, etc.
 

 [1]
 

 .
 
 See
 
 Code of Professional Responsibility DR 5-102 (d) (22 NYCRR 1200.21 [d]);
 
 People v Paperno,
 
 54 NY2d 294, 299-300 (1981); Prince, Richardson on Evidence § 6-114, at 324 (Farrell 11th ed).
 

 [2]
 

 . Where the failure to object is the basis for a claim of ineffective assistance of counsel, that claim, by its very nature, will ordinarily be made for the first time on appeal
 
 (see People v Jones,
 
 55 NY2d 771, 773 [1981]).
 

 [1]
 

 . The dissent in the Appellate Division states that by his remarks the prosecutor “[i]n effect . . . became a witness at the
 
 Sirois
 
 hearing” and should have been disqualified (305 AD2d 993, 996 [2003]). I disagree. The prosecutor’s statement was merely an explanation of why he was requesting a
 
 Sirois
 
 hearing. The evidence on which the prosecutor relied at the hearing was the testimony of a police officer. The consequences for the efficient conduct of trials will be severe if every prosecutor who makes factual representations outside the jury’s presence to explain the basis for an application to the court must be disqualified as a “witness.”
 

 [2]
 

 . There is no need to consider here whether, in an extreme case, an exception might be made to the rule that an attorney must withdraw if he must give testimony prejudicial to his own client. Certainly, such exceptions should be rare if they exist at all. But it might be possible to imagine a case in which the need for the attorney’s testimony was so compelling, the consequences of disqualifying the attorney so disastrous, and the prejudice to his client from the testimony so slight, that an exception to the rule could be made. This is not such a case.