■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PARIS PERKINS, Appellant. [776 NYS2d 502]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Demarest, J.), rendered February 27, 2002, convicting him of murder in the second degree and assault in the first degree (three counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Viewing the evidence in the light most favorable to the prosecution (*see People v Contes,* 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the trier of fact, which saw and heard the witnesses (*see People v Gaimari,* 176 NY 84, 94 [1903]). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record (*see People v Garafolo,* 44 AD2d 86, 88 [1974]). Upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see* CPL 470.15 [5]).

Contrary to the defendant's contention, the cumulative evidence presented at the *Sirois* hearing (*see Matter of Holtzman v Hellenbrand,* 92 AD2d 405 [1983]) and the inferences that logically flowed therefrom were sufficient to support the Supreme Court's determination, under the clear and convincing evidence standard, that the defendant engaged in conduct or acquiesced in the conduct of others on his behalf that caused a witness's unavailability to testify at trial (*see People v Cotto,* 92 NY2d 68

[1998]; *People v Geraci,* 85 NY2d 359, 370 [1995]; *People v Field,* 308 AD2d 548 [2003], *lv denied* 1 NY3d 571[2003]). Accordingly, the Supreme Court properly allowed the use of the witness's grand jury testimony and audiotaped statement as part of the People's direct case.

The sentence imposed was not excessive (*see People v Suitte,* 90 AD2d 80 [1982]).

The defendant's remaining contention is not preserved for appellate review, and we decline to reach it in the exercise of our interest of justice jurisdiction. H. Miller, J.P., Adams, Townes and Mastro, JJ., concur.