THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAQUAN DRUMMOND, Appellant. [851 NYS2d 583]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Reichbach, J.), rendered November 5, 2001, convicting him of attempted murder in the second degree and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, the evidence presented at the *Sirois* hearing (*see Matter of Holtzman v Hellenbrand*, 92 AD2d 405 [1983]; *see generally People v Sirois*, 92 AD2d 618 [1983]), and the inferences that logically flow therefrom were sufficient to support the Supreme Court's determination, under the clear and convincing evidence standard, that the defendant acquiesced in the conduct of others on his behalf that caused the complainant to alter his trial testimony (*see People v Roman*, 23 AD3d 413 [2005]; *People v Field*, 308 AD2d 548 [2003]; *People v McClarin*, 299 AD2d 495 [2002]). Accordingly, the Supreme Court properly allowed the use of the complainant's videotaped grand jury testimony as part of the People's direct case (*see People v Perkins*, 7 AD3d 644 [2004]).

We need not address the defendant's contention that postrelease supervision should not be a part of his sentence. Neither the sentencing minutes nor the court's order of commitment mentioned the imposition of post-release supervision. Therefore, the sentence actually imposed by the court never included, and does not now include, any period of post-release supervision (*see Hill v United States ex rel. Wampler*, 298 US 460 [1936]; *People v Benson*, 38 AD3d 563 [2007]; *People v Smith*, 37 AD3d 499 [2007]; *Earley v Murray*, 451 F3d 71 [2006], *cert denied sub nom. Burhlre v Earley*, — US —, 127 S Ct 3014 [2007]; *but see People v Sparber*, 34 AD3d 265 [2006], *lv granted* 9 NY3d 882 [2007]).

The defendant's remaining contentions are without merit. Spolzino, J.P., Ritter, Covello and Dickerson, JJ., concur.