◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent v KELVIT BURGESS, Appellant. [904 NYS2d 673]—Appeal by the defendant from a judgment of the County Court, Westchester County (DiBella, J.), rendered November 28, 2007, convicting him of criminal possession of a weapon in the second degree, criminal possession of weapon in the third degree, and unlawful possession of marijuana, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that the evidence was legally insufficient to establish his guilt of the crimes of criminal possession of a weapon in the second and third degrees because the prosecution failed to establish the element of possession, is unpreserved for appellate review, since the defendant made only a general motion to dismiss the indictment and did not raise the specific ground that he now raises on appeal (*see* CPL 470.05 [2]; *People v Williams*, 38 AD3d 925 [2007]; *People v Prahalad*, 295 AD2d 373 [2002]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620, 621 [1983]), we find that it was legally sufficient to establish the defendant's guilt of those crimes beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342 [2007]), we nevertheless accord great deference to the factfinder's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo*, 2 NY3d 383, 410 [2004], *cert denied* 542 US 946 [2004]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

The sentence imposed was not excessive (*see People v Suitte*,

90 AD2d 80, 83 [1982]). Skelos, J.P., Eng, Hall and Lott, JJ., concur.