■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BASHAN RUDOLPH, Appellant. [18 NYS3d 171]—Appeal by the defendant from a judgment of the County Court, Dutchess County (Forman, J.), rendered December 11, 2012, convicting him of murder in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that the evidence at trial was legally insufficient to prove his guilt is unpreserved for appel-

late review, as he made only a general motion to dismiss at the close of the People's case, and did not raise the specific grounds that he now raises on appeal (*see People v Hawkins*, 11 NY3d 484, 491-492 [2008]; *People v Burgess*, 75 AD3d 650 [2010]; *People v Rivera*, 74 AD3d 993 [2010]; *People v Stewart*, 71 AD3d 797 [2010]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620, 621 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power (*see* CPL 470.15 [5]), we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633, 644-645 [2006]).

The County Court did not err in denying the defendant's *Batson* challenge (*see Batson v Kentucky*, 476 US 79 [1986]). In support of his claim, the defendant relied only on the number of African American jurors challenged by the prosecutor. He made no showing during the colloquy of any other circumstances sufficient to raise an inference of a pattern of discrimination (*see People v Jenkins*, 84 NY2d 1001, 1002-1003 [1994]; *People v Childress*, 81 NY2d 263, 267 [1993]; *People v Cuesta*, 103 AD3d 913, 914-915 [2013]; *People v Valdez-Cruz*, 99 AD3d 738 [2012]). Since the defendant failed to make a prima facie showing of discrimination, the court did not err in failing to require the prosecutor to offer a race-neutral explanation for his use of peremptory challenges (*see People v Jenkins*, 84 NY2d at 1003; *People v Cuesta*, 103 AD3d at 915; *People v Valdez-Cruz*, 99 AD3d at 739).

The County Court did not err in granting a *Sirois* hearing (*see People v Sirois*, 92 AD2d 618 [1983]), and ruling that a witness's grand jury testimony should be read to the jury in lieu of that witness's testimony at trial. Before the hearing, the People proffered specific facts demonstrating a distinct possibility that the defendant had engaged in witness tampering (*see People v Cotto*, 92 NY2d 68, 72 [1998]). The evidence at the hearing, and the inferences that logically flowed therefrom, were sufficient to support the court's determination, under the clear and convincing evidence standard, that the defendant engaged in or acquiesced in conduct on his behalf that caused the witness's unavailability to testify at trial (*see People v Perkins*, 7 AD3d 644 [2004]).

The defendant's contention that the circumstantial evidence charge was inadequate is unpreserved for appellate review (*see People v Gonzalez*, 70 AD3d 855 [2010]; *People v Reyes*, 45 AD3d 785, 786 [2007]) and, in any event, without merit.

The defendant's contention in his pro se supplemental brief that he was deprived of his right to be present at all material stages of his trial is without merit. Rivera, J.P., Balkin, Leventhal and Dickerson, JJ., concur.