People v Sylvestre (2019 NY Slip Op 08877)





People v Sylvestre


2019 NY Slip Op 08877


Decided on December 11, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 11, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
JEFFREY A. COHEN
ROBERT J. MILLER
COLLEEN D. DUFFY, JJ.


2016-02654
 (Ind. No. 1441/14)

[*1]The People of the State of New York, respondent,
v
Rosebert Sylvestre, appellant.


Jillian S. Harrington, Staten Island, NY, for appellant.
Madeline Singas, District Attorney, Mineola, NY (Kevin C. King and William H. LaGrange of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Nassau County (Patricia A. Harrington, J.), rendered March 4, 2016, convicting him of driving while intoxicated and speeding, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant was stopped by New York State Troopers after the vehicle he was driving was observed traveling at a speed of approximately 90 miles per hour on the Northern State Parkway. Upon approaching the defendant's vehicle, one of the Troopers smelled the strong odor of alcohol, and observed that the defendant had red, bloodshot eyes and his speech was slurred. When asked by the Trooper if he had been drinking, the defendant admitted that he had consumed two beers that evening. The defendant was thereafter administered three separate standardized field sobriety tests, and he failed all three. He was then asked to take a breathalyzer test, but the defendant failed to blow adequately into the breathalyzer despite being given two attempts to provide a sample. He was then placed under arrest, and was subsequently charged with, inter alia, driving while intoxicated, reckless driving, and speeding. Following a jury trial, the defendant was acquitted of reckless driving, but convicted of driving while intoxicated and speeding.
We agree with the Supreme Court's denial of the defendant's Batson challenges (see Batson v Kentucky, 476 US 79) to the prosecutor's exercise of peremptory challenges, as the defendant failed to make the requisite prima facie showing of discrimination. It is incumbent upon a party making a Batson challenge to articulate and develop all of the grounds supporting the claim, both factual and legal, during the colloquy in which the objection is raised and discussed (see People v Childress, 81 NY2d 263, 268). On this record, the defendant's reliance on the number of peremptory challenges exercised by the People against black prospective jurors, without more, was insufficient to make a prima facie showing (see People v Steele, 79 NY2d 317, 325; People v Rudolph, 132 AD3d 912, 913; People v Cuesta, 103 AD3d 913, 915; People v Scott, 70 AD3d 977, 977).
The defendant's contentions that the Supreme Court's handling of a certain jury note violated principles set forth by the Court of Appeals in People v O'Rama (78 NY2d 270, 277-278) [*2]are unpreserved for appellate review (see People v Morris, 27 NY3d 1096, 1098; People v Nealon, 26 NY3d 152, 161-162). Under the circumstances, we decline to reach these contentions in the exercise of our interest of justice jurisdiction (see People v Nealon, 147 AD3d 784, 784; People v Bedeau, 129 AD3d 853, 853).
The defendant's contention that certain testimony admitted at trial was unduly prejudicial and deprived him of a fair trial is unpreserved for appellate review (see CPL 470.05[2]) and, in any event, without merit.
The defendant's contention that certain remarks made by the prosecutor in his summation violated the Supreme Court's suppression ruling and deprived him of a fair trial is unpreserved for appellate review, since the defendant either made only general objections, failed to request further curative relief when one of his objections was sustained, or did not move for a mistrial on the grounds now claimed (see CPL 470.05[2]; People v Trowell, 172 AD3d 1112, 1113-1114; People v Barrett, 159 AD3d 1018, 1018-1019). In any event, the contention is without merit. To the extent that one of the remarks could be construed as a comment on the defendant's refusal to take a chemical test of his breath after his arrest, the court's curative instruction, which directed the jurors to disregard the comment, was sufficient to ameliorate any prejudice and to ensure that the defendant received a fair trial (see People v Barnes, 80 NY2d 867).
The defendant's remaining contention is without merit.
BALKIN, J.P., COHEN, MILLER and DUFFY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court