■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DANIEL MORALES, Appellant. [636 NYS2d 384] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Gary, J.), rendered July 11, 1994, convicting him of manslaughter in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contentions, the trial court did

not err in refusing to reinstruct the jury on intoxication when it responded to the jury's request to "explain, define intent". When a jury requests further instructions with respect to the law, the trial court is obligated to "give such requested information or instruction as the court deems proper" (CPL 310.30). Although the trial court has discretion in responding to a jury request, it " 'must respond meaningfully to the jury's inquiries' " *(People v Lourido,* 70 NY2d 428, 435; *People v Almodovar,* 62 NY2d 126, 131; *People v Malloy,* 55 NY2d 296, 301, *cert denied* 459 US 847). The factors to consider in the determination whether a trial court's response to the jury's request was meaningful are "the form of the jury's question, which may have to be clarified before it can be answered, the particular issue of which inquiry is made, the supplemental instruction actually given and the presence or absence of prejudice to the defendant" *(People v Malloy,* 55 NY2d 296, 302, *supra; see also, People v Almodovar, supra,* at 131-132).

Applying these considerations, no error was committed by the trial court in denying the defendant's request to reinstruct the jury on intoxication in the supplemental charge, inasmuch as the jury's specific request was for an explanation and/or definition of the element of intent, and there was no request for reinstruction on intoxication *(see, People v Allen,* 69 NY2d 915, 916; *People v Wilkinson,* 139 AD2d 682).

We also find that the sentence imposed on the defendant was not excessive *(see, People v Delgado,* 80 NY2d 780; *People v Suitte,* 90 AD2d 80).

The defendant's remaining contentions are either unpreserved for appellate review or without merit. Bracken, J. P., Altman, Hart and Goldstein, JJ., concur.