■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CARLOS FLORES, Appellant. [691 NYS2d 789] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Feldman, J.), rendered May 5, 1997, convicting him of manslaughter in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed (*see, People v Ramos,* 265 AD2d 587 [decided herewith]). S. Miller, J. P., Ritter, Thompson and Altman, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v VICTOR FRANCIS, Appellant. [693 NYS2d 161] —Appeal by the defendant from a judgment of the Supreme Court, Nassau County (Ort, J.), rendered February 6, 1998, convicting him of aggravated sexual abuse in the second degree, robbery in the second degree, sexual abuse in the first degree, assault in the second degree (four counts), resisting arrest, and criminal mischief in the fourth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that the court erred when it reinstructed the jury on the elements of the crimes charged without reinstructing it on intoxication is unpreserved for appellate review (*see,* CPL 470.05 [2]; *People v Stewart,* 81 NY2d 877, 878-879; *People v Maldonado,* 237 AD2d 463). In any event, since the jury did not request reinstruction on intoxication, and, upon the court's recharge, the foreperson indicated that the jury was satisfied, the defendant's contention is without merit (*see, People v Allen,* 69 NY2d 915). The Supreme Court's response to the jury's request was meaningful (*see,* CPL 310.30; *People v Weinberg,* 83 NY2d 262, 267-268; *People v Malloy,* 55 NY2d 296, 308, *cert denied* 459 US 847; *People v Morales,* 223 AD2d 562).

The sentence imposed was not excessive (*see, People v Suitte,* 90 AD2d 80).

The defendant's remaining contention is unpreserved for appellate review and, in any event, without merit. Santucci, J. P., Joy, Feuerstein and Schmidt, JJ., concur.