■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DEVON MILLINGTON, Appellant. [830 NYS2d 143]—

Judgment, Supreme Court, Bronx County (Robert H. Straus, J.), rendered April 2, 2002, convicting defendant, after a jury trial, of murder in the first degree, and sentencing him to a term of life without parole, unanimously affirmed.

The court's instruction concerning the effect of intoxication on liability tracked the statute and correctly stated the law (*see* Penal Law § 15.25). There was nothing defective about the manner in which the court organized its charge (*see People v Coonan*, 48 NY2d 772 [1979]).

The court properly denied defendant's request to reinstruct the deliberating jury on intoxication since the jury's specific request was for a definition of intent and there was no request for anything else (*see People v Allen*, 69 NY2d 915 [1987]; *People v Morales*, 223 AD2d 562 [1996], *lv denied* 88 NY2d 882 [1996]).

The court properly denied defendant's suppression motion. There is no basis for disturbing the court's credibility determinations, which are supported by the record (*see People v Prochilo*, 41 NY2d 759, 761 [1977]). The credible evidence establishes that defendant, who had been permitted to "sleep off" his intoxication for seven hours before being questioned, was not under the influence of alcohol or drugs when he confessed.

Defendant's sentence of life without parole did not violate the principles of *Apprendi v New Jersey* (530 US 466 [2000]), because the court did not engage in any fact-finding, but instead made a discretionary choice within the permissible statutory

range of sentences. Defendant's other challenges to the constitutionality of his sentence are unpreserved and, in any event, without merit.

The presentence report met the requirements of CPL 390.30, and defendant received a full opportunity to advise the court of any mitigating factors. Concur—Mazzarelli, J.P., Saxe, Marlow, Nardelli and Gonzalez, JJ.