■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FERNANDO ZAPATA, Appellant. [949 NYS2d 175]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Latella, J.), rendered September 15, 2010, convicting him of burglary in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that the Supreme Court erred in denying his *Batson* application (*see Batson v Kentucky*, 476 US 79, 96 [1986]) regarding the prosecution's use of peremptory challenges to three prospective Latino jurors is without merit. "It is incumbent upon a party making a *Batson* challenge to articulate and develop all of the grounds supporting the claim, both factual and legal, during the colloquy in which the objec-

tion is raised and discussed" (*People v Scott*, 70 AD3d 977, 977 [2010]; *see People v James*, 99 NY2d 264, 270 [2002]; *People v Fryar*, 29 AD3d 919, 920 [2006]). In support of the *Batson* application, the defendant noted only that the prosecutor peremptorily challenged three of the four Latino prospective jurors in the first jury pool. In the absence of a record demonstrating other circumstances supporting a prima facie showing, the Supreme Court correctly found that the defendant failed to establish a pattern of purposeful exclusion sufficient to raise an inference of racial discrimination (*see generally People v Hecker*, 15 NY3d 625, 651 [2010], *cert denied sub nom. Black v New York*, 563 US —, 131 S Ct 2117 [2011]; *People v Scott*, 70 AD3d at 977; *People v Fryar*, 29 AD3d at 920-921). Since the defendant failed to establish a prima facie case of discrimination, the prosecutor was not required to provide a race-neutral explanation for his challenges to those jurors (*see People v Childress*, 81 NY2d 263, 268 [1993]; *People v Scott*, 70 AD3d at 977).

The defendant's contention that the Supreme Court erred when it reinstructed the jury on the elements of the crimes charged without reinstructing it on the evidentiary significance of a broken shower rod, if any, is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Wright*, 90 AD3d 679, 679-680 [2011]; *People v Brown*, 71 AD3d 1043, 1044 [2010]). In any event, the contention is without merit, as the jury did not request reinstruction regarding the evidentiary nature of the shower rod (*see People v Allen*, 69 NY2d 915, 916 [1987]; *People v Francis*, 262 AD2d 581 [1999]).

Contrary to the defendant's contention, the Supreme Court did not err when it reinstructed the jury on the elements of the crimes charged without reinstructing it on intoxication, as the jury did not request reinstruction on intoxication (*see People v Allen*, 69 NY2d at 916; *People v Francis*, 262 AD2d at 581). The Supreme Court's response to the jury's request was meaningful (*see* CPL 310.30).

The defendant's contention that the prosecution failed to prove his guilt by legally sufficient evidence because his intoxication rendered him incapable of forming the requisite criminal intent is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Hawkins*, 11 NY3d 484, 492 [2008]; *People v Alston*, 42 AD3d 468, 469 [2007]). "In any event, the general rule is that an intoxicated person can form the requisite criminal intent to commit a crime, and it is for the trier of fact to decide if the extent of the intoxication acted to negate the element of intent" (*People v Alston*, 42 AD3d at 469 [internal quotation marks omitted]; *see* Penal Law § 15.25). Viewing the evidence in the

light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620, 621 [1983]), we find that it was legally sufficient to establish beyond a reasonable doubt that the defendant manifested the requisite criminal intent (*see People v Dorst*, 194 AD2d 622, 622 [1993]). Moreover, upon our independent review pursuant to CPL 470.15 (5), we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633, 644-645 [2006]). Angiolillo, J.P., Dickerson, Belen and Chambers, JJ., concur.