Appeal by the defendant from a judgment of the County Court, Westchester County (Zambelli, J.), rendered May 26, 2015, convicting him of assault in the first degree (two counts) and gang assault in the first degree, upon a jury verdict, and sentencing him to three concurrent determinate terms of imprisonment of 12 years, to be followed by 5 years of postrelease supervision.
 

 Ordered that the judgment is modified, as a matter of discretion in the interest of justice, by reducing the sentences imposed from three concurrent determinate terms of imprisonment of 12 years, to be followed by 5 years of postrelease supervision, to three concurrent determinate terms of imprisonment of 7 years, to be followed by 5 years of postrelease supervision; as so modified, the judgment is affirmed.
 

 In fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15 [5]; People v Danielson, 9 NY3d 342, 348-349 [2007]), we nevertheless accord great deference to the jury’s opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410 [2004]). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633 [2006]).
 

 The defendant’s claim that he was deprived of the constitutional right to the effective assistance of counsel is based, in part, on matter appearing on the record and, in part, on matter outside the record, and thus constitutes a “mixed claim” of ineffective assistance (People v Maxwell, 89 AD3d 1108, 1109 [2011]; see People v Evans, 16 NY3d 571, 575 n 2 [2011]). In this case, it is not evident from the matter appearing on the record that the defendant was deprived of the effective assistance of counsel (see People v Cruz, 127 AD3d 987, 988 [2015]; People v Robles, 116 AD3d 1071, 1071 [2014]). Since the defendant’s claim of ineffective assistance cannot be resolved without reference to matter outside the record, a CPL 440.10 proceeding is the appropriate forum for reviewing the claim in its entirety (see People v Freeman, 93 AD3d 805, 806 [2012]; People v Maxwell, 89 AD3d at 1109; People v Rohlehr, 87 AD3d 603, 604 [2011]).
 

 Although the County Court did not improvidently exercise its discretion in denying the defendant youthful offender treatment (see CPL 720.20 [1]; People v Curtis, 218 AD2d 667 [1995]; People v Hampton, 148 AD2d 633 [1989]), under the circumstances of this case, the sentence imposed was excessive to the extent indicated herein.
 

 Hall, J.P., Roman, Cohen and Barros, JJ., concur.