People v Keizer (2020 NY Slip Op 00159)





People v Keizer


2020 NY Slip Op 00159


Decided on January 8, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 8, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
COLLEEN D. DUFFY
HECTOR D. LASALLE
VALERIE BRATHWAITE NELSON, JJ.


2018-05778
 (Ind. No. 7175/13)

[*1]The People of the State of New York, respondent,
v
Messiah Keizer, appellant.


Paul Skip Laisure, New York, NY (Anjali Biala of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove and Solomon Neubort of counsel; Marielle Burnett on the brief), for respondent.



DECISION & ORDER
Appeal by the defendant from a resentence of the Supreme Court, Kings County (William M. Harrington, J.), imposed April 6, 2018, upon his conviction of assault in the second degree, upon a jury verdict, upon remittitur from this Court for resentencing (see People v Keizer, 157 AD3d 903).
ORDERED that the resentence is affirmed.
" The determination of whether to grant or deny youthful offender status rests within the sound discretion of the court and depends upon all the attending facts and circumstances of the case"' (People v Dhillon, 157 AD3d 900, 900-901, quoting People v Hesterbey, 121 AD3d 1127, 1128). Here, contrary to the defendant's contention, the Supreme Court did not improvidently exercise its discretion in declining to adjudicate the defendant a youthful offender (see People v Jearel, 175 AD3d 565; People v Dhillon, 157 AD3d at 900; People v Alzandani, 156 AD3d 648).
The resentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
MASTRO, J.P., DUFFY, LASALLE and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court